THE SIXTH AVENUE RAILROAD COMPANY, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

Where, in an action against an elevated railroad company to recover damages to the fee of premises abutting on a street through which its road runs, it appears that the correct rule for the ascertainment of damages was in reality adopted, a refusal of the trial court to find, as a fact, that the value of the easements taken by defendant when considered alone was nominal only, although in the abstract error, is not a ground for reversal.

In such an action evidence of noise and vibration caused by the operation of the railroad was received under objection and exception. *Held*, that although technically error, yet as it appeared from the decision that the compensation awarded was only for injury to the easements of light, air and access, the error was harmless and not ground for reversal.

Expert testimony is competent in such an action as to the value of the plaintiff's property before the railroad was built, and its present value; but not as to what would have been its value if the railroad had not been built.

It is within the discretion of the trial court to limit the number of expert witnesses, and unless it appears there has been an abuse of this discretion, its exercise is not reviewable here.

(Argued June 9, 1893; decided June 20, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 13, 1892, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This was an action by an abutting owner of property on Sixth avenue in the city of New York to restrain the operation and maintenance by defendants of their road in said street and for damages.

Upon the trial expert witnesses called upon the part of the

plaintiff were permitted to testify under objection and exception as to the value of plaintiff's property before the road was built and its present value.

The further facts, so far as material, are stated in the opinion.

*Edward C. James* for appellants.   The refusals of the court to find as to the value of easements and consequential damages, as requested by defendants, were erroneous. (118 N. Y. 618; 129 id. 576; *Livingston* v. *M. E. R. Co.*, 138 id. 76; *Bookman* v. *N. Y. E. R. R. Co.*, 137 id. 302; *Sutro* v. *M. E. R. Co.*, Id. 592; *Sperb* v. *M. E. R. Co.*, Id. 155, 596.)   Injury from noise and vibration is no part of the easements taken. (*A. B. N. Co.* v. *N. Y. E. R. R. Co.*, 129 N. Y. 252; *Bischoff* v. *N. Y. E. R. R. Co.*, 138 id. 251; *Roberts* v. *N. Y. E. R. R. Co.*, 128 id. 455; *Doyle* v. *M. R. Co.*, Id. 488; *S. A. R. R. Co.* v. *M. E. R. Co.*, 56 Hun, 162.)   The admission of opinion evidence from real estate experts was erroneous. (*Roberts* v. *N. Y. E. R. R. Co.*, 128 N. Y. 455; *Doyle* v. *M. R. Co.*, Id. 488; *Gray* v. *M. R. Co.*, Id. 499.)   The defendants called William G. L. King, and offered to prove by him, as an expert, that this property was worth considerably more at the time of the trial than it was in the spring of 1877. The court refused to allow him to be examined.   This was error. (128 N. Y. 455; 129 id. 576.)   The burden of proof was upon the plaintiffs to show that their abutting property has sustained substantial damages in consequence of the building and operation of the railroad. (*Bohm* v. *M. E. R. Co.*, 129 N. Y. 576, 590; *Gray* v. *M. R. Co.*, 128 id. 499.)

*George Zabriskie* for respondent.   The special defenses set up in the answer and on which the motion to dismiss was made were properly overruled. (128 N. Y. 132; Id. 436.) The rulings of the court at the trial upon questions of evidence were correct. (*Bischoff* v. *N. Y. E. R. Co.*, 138 N. Y. 257; *Doyle* v. *M. R. Co.*, 128 id. 488; *Roberts* v. *N. Y. E. R. R. Co.*, 128 id. 455; *Sherwood* v. *M. E. R. Co.*, Id. 624; *Korn* v. *N. Y. E. R. R. Co.*, 129 id. 648; *Kokomo* v.

*Inman*, 134 id. 92.) Defendants' exceptions to findings of fact and conclusions of law made by the trial court, and to the refusals to find matters of fact in accordance with defendants' requests, are untenable. (*Stevens Case*, 130 N. Y. 101; *Bohm* v. *M. E. R. Co.*, 129 id. 576; *Kane* v. *M. E. R. Co.*, 17 N. Y. Supp. 109.) The trial court committed no error in its rulings upon proposed conclusions of law as to compensation and benefits, and defendants' exceptions are not well taken. (*Bohm* v. *M. E. R. Co.*, 129 N. Y. 576; *Newman* v. *M. E. R. Co.*, 118 id. 618; *A. B. N. Co.* v. *E. R. Co.*, 129 id. 252; *Bischoff* v. *N. Y. E. Co.*, 138 id. 257; *Probst* v. *Delamater*, 100 id. 266; *Woolsey* v. *M. R. Co.*, 134 id. 331.) The court properly disposed of the question of benefits. (*Storck* v. *M. E. R. Co.*, 131 N. Y. 514; *Jefferson* v. *N. Y. E. R. R. Co.*, 11 N. Y. Supp. 488; *Cohn* v. *M. E. Co.*, 32 N. E. Rep 763; *McGraw* v. *M. R. Co.*, 117 N. Y. 218; *Roberts* v. *N. Y. E. R. R. Co.*, 128 id. 455.) The awards of compensation to the plaintiff, in respect to the nine lots at Fifty-eighth and Fifty-ninth streets, were fully sustained by the evidence, which warranted much larger awards. (*People* v. *French*, 123 N. Y. 637; Code Civ. Pro. § 1337; *Flack* v. *Vil. of Green Island*, 122 N. Y. 117.) The defendants' valuations for 1877, based on the prices brought at forced sales should not be adopted. (*Huntington* v. *Attrill*, 118 N. Y. 365, 380; *Schenck* v. *Andrews*, 57 id. 150; *Campbell* v. *Woodworth*, 20 id. 499; *Gill* v. *McNamee*, 42 id. 44; *In re New Reservoir*, 1 Sheld. 408, 411; *R. R. Co.* v. *Dougherty*, 22 N. J. L. 495, 503; *Patterson* v. *B. Co.*, 3 Dill. 465; 98 U. S. 493.)

PECKHAM, J. The questions in this case relate solely to the damages to the fee of the property owned by the plaintiff herein.

The court refused to find the fact that the value of the easements taken by the defendants when considered alone was nominal only, or that the damage, if any, sustained by the plaintiff was only consequential. In the abstract this was

error, and we have so held. Whenever it has appeared that
the court in awarding damages was guided by an erroneous
rule founded upon such refusals, we have always reversed.
And if the record left the matter in doubt and erroneous
findings or conclusions of law appeared therein, we have also
always reversed the judgment. We have done so because
when an erroneous ruling was made which might be material,
we would reverse unless it appeared that no injury came to
the defendant by reason of the erroneous finding or refusal to
find.

We intend to adhere strictly to the rule for the award of
damages adopted in the *Newman* and in the *Bohm* cases
(118 N. Y. 618, and 129 id. 576).

But when the record shows that the error in the finding as to
the value of the easements or as to the nature of the damages
sustained was only of an abstract nature, or in other words,
that it consisted of a merely erroneous description of the
injury sustained, and it also appears that the correct rule for
the ascertainment of damages was in reality adopted, it would
be unjust to reverse a judgment on any such fanciful ground.
In this case, notwithstanding the abstract error in refusing to
find as a fact that the value of the easements taken was only
nominal when considered alone, and that the damages to be
recovered, if any, were consequential only, the record shows
beyond any fair doubt that the true rule of damages was
adopted by the court. When the trial court speaks of the
value of the easements or the property taken by the defend-
ant, it is evident from the conclusions of law found by the
learned judge that this language was used to express the idea
of damages sustained by the appurtenant land on account of
the taking of these easements after a consideration of all the
advantages (if any) arising from the presence of the railroad
in the avenue.

The court had the decision in the *Newman* case before it at
the time it made the findings in this case, and there is no evi-
dence that the learned trial judge had the least reluctance to
follow that decision in its essential and material features.

Whether he called the easements of nominal value only, or refused so to designate them, is not of the least consequence, so long as the case shows that in arriving at the amount of the award to be paid, the learned judge took into consideration the benefits (if any) arising to the land because of the railroad and gave judgment accordingly. This the court did in the case before us.

*Second.* As to the exception to the evidence of noise and vibration caused by the railroad, if the fact had been taken into consideration in fixing the amount of damages to the fee it would, of course, have been error. It is, however, clear from the decision that the compensation awarded was only for the injury to the easements of light, air and access.

It is these easements only which are taken by the railroad, and it is only for the injury consequent upon their taking that a recovery can be had. A careful perusal of the decision convinces us that no compensation or damage was awarded for vibration or noise.

*Third.* We do not think that any error for which this judgment should be reversed occurred in the various rulings of the court upon the matters of expert evidence. The expert evidence, which has been condemned, has been that which related to the very fact in issue, viz., the amount of damages which the party has sustained. It has been held improper to show by the expert his opinion of what would have been the value of the property if the railroad had not been built. That of course is pure conjecture or speculation. All the facts necessary to enable any one to guess upon that proposition can be stated by the expert. All the facts upon which he is enabled to make up his own opinion might probably be stated for the information of the court or jury, but the express fact to be decided by the tribunal itself, viz., the amount of damage sustained by the plaintiff or the possible value of property if the railroad were not there, is not the subject of expert opinion. (*Roberts* case, 128 N. Y. 455; *Doyle's* case, Id. 488; *Gray's* case, Id. 499.) The questions put to the witnesses Waterlow and Harnett were not of that character. The

·objections to their evidence are such as a cross-examination would obviate, which would bring out the grounds upon which the witnesses based their opinions as to the alleged ·existing values of property and as to the course of rentals.

*Fourth.* The refusal of the court to state as a conclusion of law that in order to recover beyond a nominal sum for the taking of the easements, the plaintiff must establish by a preponderance of proof that it has suffered consequential damages from the taking of the easements by defendants, was not error for which a new trial should be granted. It is, as has .already been stated, apparent from the whole record that a proper rule of damages was followed by the court, and the refusal of this request to call them consequential damages ·was but a reiteration of the views on that part of the case .already given by the court. That it was necessary for the plaintiff to prove its case by a preponderance of evidence is not a matter of doubt, and the trial court nowhere held the ·contrary.

*Fifth.* The limitation of the number of experts who should be called was matter of fair discretion with the trial court, .and there is not the slightest trace in this record of any abuse ·of that discretion.

After a careful consideration of all the questions in the case ·we think the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.