James Saxton, Respondent, *v.* The New York Elevated Railroad Company et al., Appellants.

In an action by an abutting owner upon a city street, against an elevated railroad company, to recover damages caused by the operation of its road, a refusal by the trial court to find that the easements taken or affected, aside from any consequential damages to plaintiff's premises, have in themselves only a nominal value, is error.

In estimating damages in such case all benefits to the property, resulting from the existence and operation of the road, the general benefits as well as those peculiar to the property, are to be considered, and only the amount of damages over and above the benefits may be recovered.

(Argued June 29, 1893; decided October 3, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 29, 1892, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was an action by an abutting owner of property on Third avenue in the city of New York, to restrain the operation and maintenance, by defendants, of their road in front of said premises, and for damages.

The facts, so far as pertinent to the question discussed, are stated in the opinion.

*Brainard Tolles* for appellants. The judgment was rendered upon the theory that all benefits were to be excluded from consideration except those peculiar to the specific house in question. The value assigned to the easements by the learned referee is purely theoretical and constructive, and has no lawful basis in the evidence. (*Bookman* v. *N. Y. E. R. Co.,* 137 N. Y. 302; *Bohm* v. *M. E. R. Co.,* 129 id. 576; *Somers* v. *M. E. R. Co.,* Id. 576; *Becker* v. *M. E. R. Co.,* 131 id. 509; *Gray* v. *M. R. Co.,* 128 id. 499; *Doyle* v. *M. E. R. Co.,* Id. 488; *Sutro* v. *M. E. R. Co.,* 137 id. 592.) The judgment is not supported by facts found. (*Doyle* v. *M. E. R. Co.,* 136 N. Y. 505; *Gray* v. *M. R. Co.,* 128 id. 499; *Doyle* v. *N. Y. E. R. R. Co.,* Id. 455; *Osborne* v. *M.*

*P. R. Co.*, 147 U. S. 259; *James* v. *Cowing*, 82 N. Y. 449.) The judgment affirmatively shows the adoption of an erroneous measure of damages. (*Sutro* v. *M. E. R. Co.*, 137 N. Y. 502 ; *Trask* v. *H., etc., R. Co.*, 2 Allen, 331; *Knowlton* v. *N. Y., L. E. & W. R. Co.*, 147 Mass. 606 ; *Pierro* v. *S. P., etc., R. Co.*, 39 Minn. 451; *W., etc., R. Co.* v. *Beebe*, 39 Kan. 465 ; *C., etc., R. Co.* v. *Dressel*, 110 Ill. 89 ; *P. H., etc., R. Co.* v. *Voorhies*, 50 Mich. 586.) The refusal to find the fact of benefit was error. (*Sutro* v. *M. E. R. R. Co.*, 137 N. Y. 502 ; *Bookman* v. *N. Y. E. R. R. Co.*, Id. 302.) The question whether an elevated railroad in an avenue is usually a benefit was clearly immaterial in the present case, and was most improperly received. (*Schermerhorn* v. *Tyler*, 11 Hun, 549 ; *Van Wagoner* v. *N. Y. C. Co.*, 36 id. 552; *Hine* v. *N. Y. E. R. Co.*, 132 N. Y. 477.)

*E. W. Tyler* for respondent. The learned referee made no error of which defendants can complain in his rulings upon the evidence, or in his passing upon findings of fact and conclusions of law. (*Hine* v. *M. R. Co.*, 132 N. Y. 477.)

*Per Curiam.* It is impossible to distinguish in many material matters the errors appearing in this case and in the case of Bookman against the same defendants, decided by this court and reported in 137 N. Y. 302. We have looked at the original record on file in the clerk's office in that case. The court there found the fact of injuries resulting to plaintiff's property by reason of the building and maintenance of the road and over and above any benefit resulting from it and peculiar to the premises.

The court had been requested by the defendants' counsel in that case to find that the benefits resulting from the road and peculiar to the premises should be set off, and the court granted the request and so found. And it also found there were no benefits peculiar to such premises.

It refused to find that the easements taken or affected, aside from any consequential damages to the premises from the

taking of such easements, had in themselves only a nominal value. The same request was made in this case and the same refusal followed. In this case another request was granted and the fact found that the only property rights taken were easements of light, air and access in and over the street, while in the *Bookman* case the request was refused.

We cannot, however, see that this one difference in the two records is enough to call for a different result when a perusal shows so many material points in which they are precisely similar. There are many identical and material errors in the two records, and the judgments in both should be the same.

In *Sixth Avenue R. R. Co. v. Met. El., etc., Co.*, lately decided (138 N. Y. 548), we held that where it was apparent the court had adopted the true rule of damages, an error of an abstract nature in the description of the injury sustained would not be ground for a reversal.

The referee in this case, like the court in the *Bookman* case, has confined his consideration of benefits to those which were peculiar to the premises in question. This we have held is error. (*Sutro Case*, 137 N. Y. 592.) And the request made to the referee in this case regarding benefits peculiar to the premises should not prevent our consideration of the exception taken to the rule as adopted, any more than did the same kind of a request made by defendants in the *Bookman* case. It was in neither a request to the referee to adopt that theory as the true one in regard to damages, but it was placed among a number of other requests and so worded as to show that the defendant's claim was that at least and at all events special benefits should be deducted. There was a plain exception to the finding which confined the rule to peculiar benefits.

At any rate there is no distinction which can fairly be taken between the two cases, and the same judgment should prevail in each so far as this court is concerned.

The judgment must, therefore, be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.