VALENTINE E. N. COOK, Appellant, *v.* THE NEW YORK ELE-
VATED RAILROAD COMPANY et al., Respondents.

In order to sustain the reversal by the General Term on the facts of a
judgment entered upon the report of a referee it must appear that the
findings of the referee are against the weight of evidence, or that the
proofs so greatly preponderate in favor of a contrary result that it can
be said with reasonable certainty that his conclusions were erroneous.

Where, in an action against an elevated railroad company to restrain the
operation of its road in a street in front of plaintiff's premises and for
damages, there was a finding of the referee, supported by evidence,
to the effect that there were no actual, substantial or peculiar benefits
to plaintiff's property arising from the construction or maintenance of
defendant's road in front thereof, *held*, that a refusal of the referee to
find at defendant's request that the easements appurtenant to plaintiff's
land, taken for the railway use, aside from any damage to the land,
have in themselves only a nominal value, while in the abstract errone-
ous, was harmless, and so not a ground for reversal.

It is only when it appears that the court in awarding damages was guided
by an erroneous rule, founded upon a refusal to make such a finding,
that a reversal is required.

While in such an action proof of the actual rents earned by the property
is desirable, its place may be supplied by other proof equally convinc-
ing and satisfactory.

*Cook* v. *N. Y. E. R. R. Co.* (3 Misc. Rep. 248), reversed.

(Argued December 4, 1894; decided December 11, 1894.)

APPEAL from order of the General Term of the Court of
Common Pleas for the city and county of New York, entered
upon an order made April 10, 1893, which reversed a judg-
ment in favor of plaintiff entered upon the report of a referee
and ordered a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*J. Aspinwall Hodge, Jr.*, for appellant.  This court will
review the facts and will affirm the judgment entered upon
the report of the referee, and reverse the judgment of the
General Term unless the referee's findings are unsupported
by any evidence, or clearly against the weight of evidence.

(Code Civ. Pro. § 1338; *Barnard* v. *Gantz,* 140 N. Y. 249; *D. C. Co.* v. *D. T. Co.,* 84 id. 153; *Snebley* v. *Conner,* 78 id. 218; *Hewlett* v. *Wood,* 67 id. 394.) The refusal to find that the easements severed from the property are of only nominal value, if error, is harmless in the absence of benefits. (*Bookman* v. *E. R. R. Co.,* 137 N. Y. 302; *Sutro* v. *E. R. R. Co.,* Id. 592; *Bischoff* v. *E. R. R. Co.,* 138 id. 257.) The findings of the referee fixing the amount of the past damages at $200 a year, and valuing the plaintiff's easements at $1,500, are more than supported by the evidence. (*Woolsey* v. *E. R. R. Co.,* 134 N. Y. 323; *Tallman* v. *E. R. R. Co.,* 121 id. 124; *Roberts* v. *E. R. R. Co.,* 128 id. 455.) The exceptions taken by the defendants during the course of the trial are without merit. (*Hall* v. *Gird,* 7 Hill, 586; *Myers* v. *E. R. R. Co.,* 138 N. Y. 652; *In re Thompson,* 127 id. 463; *Langdon* v. *Mayor, etc.,* 133 id. 628; *Bischoff* v. *E. R. R. Co.,* 138 id. 257.) There is no merit in the exceptions to the rulings made by the defendants subsequent to the trial. (*Spirb* v. *E. R. R. Co.,* 137 N. Y. 155; *Steubing* v. *E. R. R. Co.,* 138 id. 658.) The judgment entered upon the referee's report should be affirmed even if modified. (*Blumenthal* v. *E. R. R. Co.,* 137 N. Y. 559; *Lawrence* v. *E. R. R. Co.,* 126 id. 483; *Wright* v. *Nostrand,* 98 id. 669; *Conklin* v. *Snider,* 104 id. 641.)

*Reuben Leslie Maynard* for respondents. The court was right in holding that the evidence in this case did not warrant an award of fee or rental damage. (*Roberts* v. *E. R. Co.,* 128 N. Y. 455; *Cook* v. *E. R. Co.,* 52 N. Y. S. R. 939; *Saxton* v. *N. Y. E. R. R. Co.,* 139 N. Y. 320.)

Bartlett, J. This is an appeal from the order of the Court of Common Pleas for the city and county of New York reversing a judgment for plaintiff, entered upon the report of a referee and ordering a new trial. The plaintiff gives the usual stipulation. The reversal was upon questions of law and fact.

This action was brought for an injunction against the maintenance and operation of the elevated railroad in front of the plaintiff's premises No. 239 East Thirty-fourth street, between Second and Third avenues, in the city of New York, and asked damages for the past trespass of the defendants.

The referee found the damages to be $676, and that the permanent value of the premises had been diminished to the extent of $1,500.

The judgment provided for an injunction, unless the latter sum is paid to plaintiff on his releasing and conveying the easements taken to the defendants.

In order to sustain this reversal by the General Term on the facts it must appear that the findings of the referee are against the weight of evidence, or that the proofs so clearly preponderate in favor of a contrary result that it can be said with a reasonable degree of certainty that his conclusions were erroneous. (*Barnard* v. *Gantz*, 140 N. Y. 249, 253; *Baird* v. *Mayor, etc.*, 96 id. 567; *Aldridge* v. *Aldridge*, 120 id. 614; *Devlin* v. *Greenwich Savings Bank*, 125 id. 756.)

The General Term held there was no sufficient proof of damage to the fee value of plaintiff's premises, nor of diminution of rental value traceable directly to the construction, maintenance or operation of the defendants' railroad.

A perusal of the evidence satisfies us that the damage to the fee value and diminution of rental value are abundantly established, and that the amounts fixed by the referee are exceedingly moderate in view of all the proofs.

The General Term laid great stress upon the fact that the proofs as to the actual rents earned by the property in controversy were not more complete.

While such testimony is desirable when it can be conveniently obtained, it by no means follows that its place cannot be supplied by evidence equally convincing and satisfactory.

The failure to show actual rentals during certain periods was fully explained, and expert testimony was furnished covering the time involved in this controversy.

It was also proved that similar properties on the same street were injured in their rental values from about twenty-five to forty per cent.

It was proved that rentals in neighboring streets had increased during the same period.

In regard to the fee value of plaintiff's property the proofs are equally satisfactory.

The finding of the learned referee is based upon the effect of the railroad on the fee value of the property in question of similar property in the same street, and the rise in values in neighboring streets.

We do not deem it important to deal with the evidence in detail and point out each particular item of proof which supports the findings of the referee.

It was competent for the plaintiff to call in expert testimony to establish the values of the fee and rental. (*Roberts* v. *N. Y. El. R. R. Co.*, 128 N. Y. 455, 473.)

The General Term held that there was not only the failure of proof on the part of the plaintiff already adverted to, but that the refusal of the referee to find at defendants' request that the easements appurtenant to the plaintiff's land, taken for the railway use, aside from any damage to the land from the taking, have, in themselves, only a nominal value, was reversible error.

The cases cited in support of this position are *Bookman* v. *El. R. R. Co.* (137 N. Y. 302); *Sutro* v. *El. R. R. Co.* (Id. 592).

In the *Bookman* case a refusal to find a similar request was held error.

Judge EARL said (p. 304): " This request should have been found and the refusal to find the facts shows that the court misapprehended the principles of law laid down in the cases of *Newman* v. *Elevated R. R. Co.* (118 N. Y. 618) and *Bohm* v. *The Same* (129 id. 576). According to those principles the defendants were bound to pay the value of any property they actually took without any allowance against such value for benefits, and the allowance for benefits could be made

only in the reduction of consequential damages.    Hence it was important for the defendant to have a finding " that substantially all the damages were consequential, so as to give room for the allowance of benefits."

In the case at bar there is a finding, supported by the evidence, that there were no actual, substantial or peculiar benefits to the property in suit arising from the construction or maintenance of the defendants' railroad in front of plaintiff's premises.

This being so, the refusal to find was immaterial, although in the abstract it was error.

It is only when it appears that the court, in awarding damages, was guided by an erroneous rule founded upon a refusal to find that reversal should follow.    (*Sixth Ave. R. R. Co.* v. *Metropolitan El. R. R. Co.*, 138 N. Y. 548; *Bischoff* v. *El. R. R. Co.*, 138 id. 257.)

The order of the General Term should be reversed and the judgment entered upon the report of the referee affirmed, with costs in all courts.

All concur.

Ordered accordingly.