### FOX v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department.   June 9. 1899.)

APPEAL—FINDINGS—EVIDENCE.

    An appellate court will not set aside the findings of fact of a trial court merely because from the record it would make a different finding, as to justify such action it must judicially appear that the finding is so plainly against the weight of the evidence that it can be legally determined that the trial court could not reasonably have reached the conclusion it did.

Appeal from special term, New York county.

Action by Richard K. Fox against the New York Elevated Railroad Company and another.   From a judgment dismissing his complaint, plaintiff appeals.   Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles H. Strong, for appellant.
Edward C. James, for respondents.

PER CURIAM.   We think this judgment should be affirmed. The trial court found, and the evidence sustains the finding, that the plaintiff failed upon the trial to establish that the construction or operation of the defendants' road had diminished, over and above the benefits conferred, either the fee or rental value of the premises referred to, or that the plaintiff had sustained, over and above the benefits received, any damage by reason of such construction or operation.   Whether the plaintiff had been damaged by the defendants' interference with or appropriation of the easements of light, air, and access appurtenant to the premises was clearly a question of fact to be determined by the trial court; and, he having found adversely to the plaintiff upon evidence sufficient to sustain his finding, we have no right to interfere with the decision.   An appellate court cannot set aside the findings of fact made by a trial court merely because they are of the opinion that upon the record before them they would feel constrained to make different findings.   To justify setting aside or disregarding such findings, it must appear judicially from the record presented that the findings are so plainly against the weight and preponderance of proof that it can be legally determined that the trial court could not reasonably have reached the conclusion which it did.   Sanger v. French, 157 N. Y. 213, 51 N. E. 979;  Foster v. Bookwalter, 152 N. Y. 166, 46 N. E. 299;  Cook v. Railroad Co., 144 N. Y. 115, 39 N. E. 2.   This certainly cannot be said of the findings in this case. On the contrary, if the testimony given by the defendants' witnesses be accepted as true, and it is corroborated in some respects

by conceded facts, then the trial court could have reached no other conclusion than he did. The value of the testimony offered by the parties depended largely upon the appearance of the witnesses, and their manner in testifying. The trial court saw the witnesses, heard them testify, observed their appearance, and he was thus in a much better position than an appellate court could possibly be to determine the weight and force to be accorded to the testimony given by each. He saw fit to adopt the testimony given by the defendants' witnesses, and this clearly sustains the conclusion at which he arrived. An examination of the record fails to disclose any errors either in the admission or rejection of evidence which call for a reversal of the judgment.

The judgment is right, and must be affirmed, with costs.