[ *85 ]           *BUMP *vs*. BETTS & BETTS.

Where an *attachment* was sued out on a *paid judgment*, and property to the amount of $180 sold
   and the defendant in the attachment in an action for a *malicious prosecution* recovered $750,
   the court, on an application for a new trial on the ground of the *excessiveness of the damages*,
   denied the motion.

.THIS was an action on the case for a *malicious prosecution* tried at the
Chenango circuit in August, 1838, before the Hon. ROBERT MONELL, one of
the circuit judges.

Peter J. Betts, one of the defendants, as the agent of Peter Betts, the
other defendant, sued out *an attachment* from a justice's court against the
plaintiff, on the allegation that the plaintiff was indebted to Peter Betts, and
had departed the county of Chenango with the intent to defraud his credit-
ors. The attachment was levied upon various articles of property belonging
to the plaintiff, a judgment was obtained for $32,88 debt and costs, an execu-
tion was issued and the property levied upon sold, a portion of which was bid
in by Peter J. Betts. The value of the property sold was about $180 ; it
brought at vendue less than $50, of which $11 was applied in payment of a
judgment in favor of a third person, and the residue in payment of the judg-
ment in favor of Betts, which was rendered on a previous judgment obtained
by Betts against the plaintiff, and which was proved to have been *fully paid*
previous to the suing out of the attachment. The jury found a verdict for
the plaintiff with *seven hundred and fifty dollars damages*. The defendants
ask for a new trial on various grounds, and amongst others that of the *exces-
siveness* of damages.

*J. Clapp*, for the defendants.

*G. M. Smith*, for the plaintiff.

*By the Court*, COWEN, J. This was an action for maliciously suing out
         an attachment against the plaintiff on a *paid judgment*. The cause
[ *86 ]   was properly left to the jury, *under the circumstances in proof, up-
         on the question of probable cause. The judgment had been paid,
and a receipt in full given by the defendant P. J. Betts, son and agent of the
other defendant, Peter Betts ; and I cannot help thinking with the jury, that
the defendants perfectly well knew and recollected that fact, when the at-
tachment was taken out. The process of the law was perverted to the pur-
poses of injuring if not ruining the plaintiff's credit, working an enormous
and disproportionate sacrifice of his property, and followed by a course of in-
sulting and tantalizing language and conduct when he returned from abroad

and applied to the defendants for redress. Conscious as they appear, then at least to have been, that they had done wrong, instead of being forward to afford indemnity, they refused to pay the plaintiff's actual damage, and even to allow him the cash value of his goods which they had purchased at auction. When the plaintiff finally thought it his duty to threaten a resort to legal redress, he is answered, " You will be lawed till you are sick of it. You may squirt your damnedest." There was something to apprehend from such a reply ; for the defendants had the command of great wealth, and the plaintiff was a poor man who had just commenced life. He had bought a small farm of Peter Betts, had paid or secured a portion, and proceeded to improve it. He left, when he went away, crops and other means, a portion of which he directed should be applied to continue his payments. He still owed for the land undoubtedly, and that was urged as a circumstance that the defendants must have proceeded on the judgment by a mere mistake. An endorsement was also shown to have been made on the land contract, which purported that the money mentioned in the receipt upon the judgment had been applied in payment for the land. The jury doubtless thought this endorsement the result of a mere after thought ; and that the defendants, at the time, feeling themselves secured by the land for the purchase money, were persuaded that the more advantageous fraud would be to use the paid judgment as the foundation of their attachment.

The damages are undoubtedly large, $750. But it is impos-   [ *87 ]
sible for us to pronounce that they are so disproportionate as, under
the circumstances of the case, to indicate corruption or unreasonable passion in the jury. That the jury should have been somewhat transported with indignation by the view which we think they had a right to take of this matter, is highly probable ; a consequence which the defendants could hardly escape, were we to send the cause down and order it retried. It must still be tried by men, and by civilized men.

A new trial is denied.