George B. Dayton, Respondent, *v.* The New York, Lake Erie and Western Railroad Company, Appellant.

*Railroad company — liability for cattle, not belonging to an adjoining owner, killed by its trains — chapter 565 of 1890 and chapter 367 of 1891.*

Where a railroad corporation neglects to maintain fences along its road, as required by statute, and cattle get upon its tracks and are injured by its engines or cars, the corporation is liable to the owner thereof in damages, although such owner is not an adjoining proprietor and it does not appear how the cattle escaped from his pasture; this rule remains unchanged notwithstanding the passage of section 32 of chapter 565 of the Laws of 1890 and chapter 367 of the Laws of 1891.

Appeal by the defendant, The New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Allegany on the 21st day of October, 1893, upon the verdict of a jury, rendered after a trial at the Allegany Circuit, and also from an order entered in said clerk's office on or about the 17th day of October, 1893, denying the defendant's motion for a new trial made

DAYTON *v.* N. Y., L. E. & W. R. R. CO.     285

upon the minutes, with notice of an intention to bring up for review on such appeal said order.

`James H. Stevens*, for the appellant.

*Clarence A. Farnum*, for the respondent.

HAIGHT, J.:

This action was brought to recover damages for the killing of five head of cattle. It appears that the cattle had escaped from the plaintiff's pasture upon the adjoining lands of one Osborn and from thence passed through an open barway at a farm crossing on to the defendant's railroad track where they were run over and killed by a passing train. The bars had been removed for more than six months, and some of the evidence tends to show that the bars were removed with the knowledge and consent of Osborn.

It is contended that the court erred in refusing the defendant's motion for a nonsuit. We are, however, of the opinion that the case was properly submitted to the jury. It has been held that where a railroad corporation neglects to maintain fences along its road as required by the statute, and cattle get upon the track and are injured by its engines or cars, the corporation is liable to the owner in damages although he is not an adjoining proprietor and it does not appear how the cattle escaped from his pasture. (*Corwin* v. *N. Y. & Erie R. R. Co.*, 13 N. Y. 42; *Bradley* v. *Buffalo, N. Y. & Erie R. R. Co.*, 34 id. 432; *Rhodes* v. *U. I. & E. R. R. Co.*, 5 Hun, 344; *Purdy* v. *N. Y. & N. H. R. R. Co.*, 61 N. Y. 353; *Kelver* v. *N. Y., Chi. & St. L. R. R. Co.*, 126 id. 365.)

It is insisted, however, that these cases have no application for the reason that the statute has been changed. We are, however, unable to discover any substantial difference in the new statute. The Laws of 1854 (Chap. 282, § 8) provide: "Every railroad corporation * * * shall, before the lines of such railroad are opened, erect and thereafter maintain fences on the sides of their roads of the height and strength of a division fence as required by law, with openings or gates or bars therein at the farm crossings of such railroad for the use of the proprietors of the lands adjoining such railroads, and shall also construct, where the same has not already been done, and hereafter maintain, cattle guards at all road crossings,

suitable and sufficient to prevent cattle, horses, sheep and hogs from getting on to such railroad, and so long as such fences and cattle guards shall not be made and when not in good repair such railroad corporation and its agents shall be liable for damages which shall be done by the agents or engines of any such corporation to any cattle, horses, sheep or hogs thereon, and when such fences and guards shall have been duly made and shall be kept in good repair, such railroad corporation shall not be liable for any such damages unless negligently or willfully done."

The Laws of 1890 (Chap. 565, § 32), as amended by the Laws of 1891 (Chap. 367), provide as follows : " Every railroad corporation * * * shall, before the lines of its roads are opened for use and so soon as it has acquired the right of way for its roadway, erect and thereafter maintain on the sides of its road, fences of the length and strength of a lawful division fence, with openings or gates or bars therein at the farm crossings for the use of the owner and occupants of the adjoining lands, and shall also construct where not already done and hereafter maintain cattle guards at all road crossings suitable and sufficient to prevent cattle, horses, sheep and hogs from going upon its railroad. So long as such fences are not made or not in good repair, the corporation, its lessee, or other person in possession of its road, shall be liable for all damages done by their agents or engines or cars to any domestic animal thereon, but when made and in good repair they shall not be liable for any such damages unless negligently or willfully done."

It will be observed that in the former statute provision was made for openings or gates or bars at the farm crossings " for the use of the proprietors of the lands adjoining such railroads," whilst in the new statute provision is made for openings or gates or bars at farm crossings " for the use of the owner and occupants of the adjoining lands." The former is for the use of the proprietor and the latter for the owners and occupants. Certainly, this variation cannot operate to change the rule of liability as established by the cases above referred to.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.