HIGGINS v. COHEN.

(Supreme Court, Appellate Term. October 4, 1899.)

ORDER FOR GOODS—EXCESSIVE DELIVERY—LIABILITIES.

Plaintiff was a packer of dried fruit. He received from defendant 316 bags of peaches, which he processed and packed in 1,027 boxes. The goods were held subject to the order of defendant, who thereafter notified plaintiff that E. had become the owner of the fruit. Plaintiff recognized E.'s ownership. E. requested plaintiff to honor all orders given by a certain company for the delivery of the dried fruit "in your store which were packed for" defendant, and said company issued orders on plaintiff for the delivery of 1,057 boxes of peaches, which order plaintiff filled. Plaintiff testified that he discovered the shortage when the excessive order was lodged, but that he nevertheless filled it, and gave no notice either to E. or to defendant until several months after the delivery. No custom or agreement was shown. Held, that plaintiff cannot recover from defendant the value of the 30 boxes delivered in excess of the quantity packed for defendant.

Appeal from municipal court, borough of Manhattan, First district.

Action by William A. Higgins against Isaac Cohen to recover from defendant the value of certain property delivered to a third person. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Herman Joseph (Arthur Furber, of counsel), for appellant.
Lester & Mettler, for respondent.

LEVENTRITT, J. The judgment in this case cannot be upheld, as the plaintiff failed to prove a cause of action. While the record is unsatisfactory, these facts clearly appear: The plaintiff was engaged in business as a packer of dried fruit. He received from the defendant, carrying on business as I. Cohen & Bro., 316 bags of peaches, which he processed and packed in 1,027 boxes. The goods, when packed, were held subject to the order of the defendant, who thereafter, through his duly-constituted agent, notified the plaintiff that one Ensign had become the owner of the fruit. The plaintiff recognized the latter's ownership, and on the trial introduced a letter addressed to him, signed by Ensign, and containing the following language: "You will honor all orders given by the Fruit Auction Company for the delivery of the dried fruit in your store which were packed for I. Cohen and Brother." The Fruit Auction Company issued orders upon the plaintiff for the delivery of 1,057 boxes of peaches, which orders the plaintiff filled. He now seeks to recover from the defendant the value of the 30 boxes delivered in excess of the quantity which had been packed for the defendant. Where these 30 boxes came from is enveloped in mystery, but it is plain, on the proof presented, that the defendant cannot be charged for their value. The defendant's connection with the transaction ceased upon the transfer of the ownership to Ensign, and he, in turn, authorized delivery only of such goods as had been packed for the defendant. While, on proof that Ensign had collected for the excess, an action for money had and received might lie against him, no liability attached to the defendant, unless it be shown that he had reaped the benefit of the overdelivery. So far from this being the case, the plaintiff's proof shows that the defendant had transferred to Ensign only 1,027 boxes. The plaintiff testified unequivocally that he discovered the shortage when the excessive order was lodged, but that he nevertheless filled it. He was in a position to protect himself by calling the attention of Ensign or of the defendant to the fact, but, failing to do so, the delivery was made at his peril, and notice given several months after was unavailing. No attempt was made to justify, through custom or agreement, the application to the excessive order of goods other than those of the defendant.

There are technical defects in the record, but we think that this is eminently a case in which, under the provisions of section 3063 of the Code of Civil Procedure, they should be disregarded. The judgment will be reversed.

Judgment reversed, and a new trial ordered, with costs to the appell`    `  abide the event. All concur.