other, though the legal questions presented were the same. *Held*, that the certificate would not issue.

Action by Warren Teator against the New York Mutual Savings & Loan Association. Judgment for plaintiff. Application for a certificate under Code Civ. Proc. § 3234. Denied.

The complaint states two causes of action. The first is for the amount claimed due upon the withdrawal of 10 shares of stock issued by the defendant to the plaintiff. The second cause of action is for the balance due upon the withdrawal of 25 shares of stock of the defendant issued to a third person, who has since the issuance thereof died, and the balance claimed to be due upon such shares assigned by the administrator of the estate of such third person to this plaintiff. Upon the trial the court directed the jury to find a verdict for the defendant upon the second cause of action, and submitted the first cause of action to them for their consideration. The jury found a verdict for the plaintiff upon such first cause of action.

John L. Crandall, for plaintiff.

Russell & Winslow, for defendant.

HERRICK, J. Our present system of practice permits the setting forth, as different counts or separate causes of action, the same contract, transaction, or grievance, in different forms and different aspects, but in such cases permits only one recovery, and it is undoubtedly the intention of section 3234 to provide for such cases. In this case we have two entirely separate and distinct causes of action set forth, either one of which would be the foundation for a separate suit and judgment, and a judgment upon either would not be a bar to an action upon the other, because not arising out of the same contract, transaction, or grievance. Where a judgment upon one cause of action, if separately brought, would not be a bar to an action upon the other cause of action, I do not think the certificate should issue.

Assuming the fact to be as claimed by the plaintiff's counsel in this case, that the same legal questions arise in each, I do not think that determines the question, or makes the two causes of action substantially the same, within the meaning of the section of the Code under which this application is made. The legal questions may be the same, but the cause of action separate and distinct, each the foundation of a separate and distinct suit at law, neither being a bar to the other. So it is in this case. Application denied.

---

### PUTNAM FOUNDRY & MACHINE CO. v. YOUNG.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. JUSTICES OF THE PEACE—APPEAL—CONSTRUCTION OF JUDGMENT.

Code Civ. Proc. § 3063, provides that on appeal from a judgment of a justice the appellate court must render judgment without regard to technical errors or defects, but may affirm or reverse for errors of law or of fact. *Held*, that where a judgment of a justice might be construed as an award to defendant on his counterclaim, and not by way of damages, the construction should be adopted which does not involve an error of law.

2. SAME—APPEAL—REVIEW OF THE EVIDENCE.
    Under Code Civ. Proc. § 3063, authorizing the reversal of judgments of justices of the peace for errors of law or of fact, a justice's judgment could not be reversed on the ground that it was contrary to or against the weight of the evidence, prior to Act Sept. 1, 1900 (Laws 1900, c. 553), which conferred such power on the county court.

Appeal from Westchester county court.

Action by the Putnam Foundry & Machine Company against Percy B. Young. From a judgment of the county court reversing a justice's judgment in favor of defendant, defendant appeals. Reversed, and justice's judgment affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Frank A. Bennett, for appellant.
J. Mortimer Bell, for respondent.

WILLARD BARTLETT, J.    The plaintiff in this action sought to recover a balance of $55, alleged to be due under a contract whereby the plaintiff corporation undertook to furnish to the defendant and install in his house a hot-water heater, for the sum of $260 in all. The defendant pleaded a failure to perform the contract, and also set up a counterclaim of $25.75 for services rendered to the plaintiff in procuring for it another contract from one W. H. Brodt. The principal matter litigated upon the trial was the omission of the plaintiff to furnish an automatic regulator for the heating apparatus. There was evidence in behalf of the defendant tending to show that the plaintiff corporation undertook to furnish such a regulator, and evidence in behalf of the plaintiff that it was not included within the terms of the contract. There was also proof to the effect that the pipes of the hot-water apparatus leaked, and that the plaintiff's work was otherwise defective. As to the counterclaim, there was sufficient evidence to warrant the justice in finding that the managing agent of the plaintiff had agreed to pay the defendant $25 in case the plaintiff secured the Brodt contract. The justice rendered judgment in favor of the defendant for $25.15. It seems plain that this amount was awarded on account of the counterclaim, the 15 cents representing an item of interest. In other words, the justice decided that the plaintiff was not entitled to recover anything by way of the balance which it claimed to be due on the contract for the hot-water apparatus, and also decided that the defendant was entitled to recover almost the full amount of his counterclaim.

When the case came before the county court on appeal, the learned county judge, as his opinion shows, treated the award in favor of the defendant as an assessment of damages for the plaintiff's failure to supply the regulator, and held that the justice had erred in refusing to compensate the corporation for the work done, and at the same time compelling it to pay for the regulator. If the defendant received pay for the regulator, as the learned judge very properly observes, the plaintiff should receive pay for the work.

It does not seem to me, however, that the reversal can be sus-

67 N.Y.S.—2

tained on this ground, because, as already observed, it is apparent that the award to the defendant was on account of the counterclaim arising out of the Brodt contract, and not at all by way of damages. for the omission to furnish the regulator. Indeed, if this were not as plain as it is, we should be bound to presume that such was the fact, as the party who prevails in a justice's court is entitled to have the judgment so construed on appeal as to sustain it if possible. Burnham v. Butler, 31 N. Y. 480.

The judgment of reversal in the county court was rendered on January 13, 1900. At that time a county court, under section 3063 of the Code of Civil Procedure, was not authorized to reverse a justice's judgment on the ground that such judgment was contrary to, or against the weight of, evidence. City of Brooklyn v. Railroad Co., 11 App. Div. 168, 42 N. Y. Supp. 371. That power has now been conferred upon the county court by an amendment to the section cited, which took effect on September 1, 1900 (Laws 1900, c. 553). If the amendment had been in force at the time when the appeal in this case was heard by the county court, it may be that a reversal would have been justified on the ground that the weight of evidence tended strongly to establish a substantial performance of the contract on the part of the plaintiff, so that the omission to furnish the regulator should not have been deemed fatal to a recovery of some amount in addition to that which had already been paid on account of the contract. Inasmuch, however, as the county court could not then interfere with the justice's determination as to the facts, if there was any evidence to support it, and inasmuch as that judgment does not necessarily involve the error of law assumed in the opinion of the learned county judge, it follows that the decision of the justice's court must be allowed to stand.

Judgment of the county court of Westchester county reversed, and judgment of the justice's court of the city of Mt. Vernon affirmed, with costs. All concur.