## RUBEIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   May 31, 1901.)

1. RAILROADS—INJURY TO STOCK—ABANDONMENT OF ISSUE—NEW ISSUE.

Where a railroad company was sued for negligently killing plaintiff's horse on a public highway, and on the trial both parties, abandoning the original theory of the case, tried it on the issue of the absence of a fence inclosing the track, it is too late for the company to object on appeal to a variance between the pleadings and proof.

2. SAME—FENCES—REQUIREMENT TO MAINTAIN.

Railroad Law, § 32, requires railroad companies to erect and maintain fences, farm crossings, and cattle guards to prevent cattle from coming on the road.   Held, that a railroad company was liable for killing plaintiff's horse, which, after crossing fields and vacant lots, finally reached the road, where it was struck by defendant's car, negligently and carelessly operated.

Appeal from municipal court, borough of Brooklyn.

Action by Wilhelm Rubein against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.

Van Buren Denslow, for respondent.

JENKS, J.   This is an appeal from a judgment of the municipal court in favor of the plaintiff in an action for negligence tried without a jury.   The plaintiff complained that while his horse was lawfully upon a public highway in the borough of Brooklyn, city of New York, which was crossed by the defendant's track, the defendant negligently and carelessly ran one of its cars at a high rate of speed into the horse and killed him.   About 8:30 p. m. of May 21, 1900, the plaintiff went into his yard to water his horse.   The plaintiff and his son attempted to hitch the horse, but he jumped or dragged away, went over the fields, then down Second street to Henry street, thence through vacant lots, and so gained the street.   The absence of any fence was first brought out by the cross-examination of the motorman when he was called as a witness by the plaintiff.   Thereupon the case shifted, and the existence of a fence or its absence became the chief subject of contention.   The defendant did not make any objection.   On the contrary, it accepted this issue and fought it out.   It moved for a dismissal on the merits at the close of plaintiff's case, but it did not even renew the motion when all the evidence had been put in.   It is now contended that the action was not based upon the statute (section 32 of the railroad law), and that the variance between pleadings and proof is too wide now to admit of amendment.   I think that the defendant's mouth is now closed.   Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910; Farmers' Loan & Trust Co. v. Housatonic R. Co., 152 N. Y. 251, 46 N. E. 504.   This court may, in support of the judgment, treat the pleadings as if amended in conformity with the proof.   Howell v. Railway Co., 92 Hun, 423, 36 N. Y. Supp. 544.   I think

70 N.Y.S.—37

that the statute applies to the locality in question. Crawford v. Railroad Co., 18 Hun, 108, with the authorities cited, is directly in point, and is as applicable to the present statute as to that then up for construction. Dayton v. Railroad Co., 81 Hun, 284, 30 N. Y. Supp. 783. The fact that the horse traveled for some distance before he gained the street is not enough to defeat the right of action. Connolly v. Railroad Co., 4 App. Div. 221, 38 N. Y. Supp. 587; Dayton v. Railroad Co., supra.

The judgment must be affirmed, with costs. All concur.