INTERNATIONAL TAILORING CO. v. BENNETT.

(Supreme Court, Appellate Division, Second Department.   June 8, 1906.)

1. JUSTICES OF THE PEACE—APPEAL—REVERSAL ON EVIDENCE—AUTHORITY OF COUNTY COURT.

The authority conferred on the County Court by Code Civ. Proc. § 3063, as amended by Laws 1900, p. 1277, c. 553, authorizing the County Court to reverse a judgment of the justice of the peace as against the weight of the evidence, should be exercised only when the justice's judgment is so plainly against the preponderance of proof that it can be seen that the justice could not reasonably have arrived at the decision which he made; and where the evidence is so evenly balanced that reasonable men might differ as to the inferences drawn therefrom, the County Court should not, in the exercise of its discretion, set aside the verdict.

2. SAME.

Evidence in an action for goods sold, tried in Justice's Court before a jury, examined, and held not to so preponderate in favor of the defeated party as to justify the County Court in setting it aside as against the weight of the evidence.

3. APPEAL—RIGHT OF REVIEW—FAILURE TO APPEAL—EFFECT.

A plaintiff not appealing from a judgment of the County Court reversing a justice's judgment as against the weight of the evidence, and granting a new trial, cannot urge that the judgment should be affirmed because the County Court should have granted an absolute reversal of the justice's judgment.

Miller, J., dissenting.

Appeal from Nassau County Court.

Action by the International Tailoring Company against Fred P. Bennett. From a judgment of the County Court reversing a judgment of a justice of the peace in favor of defendant after a trial by jury, as contrary to the evidence, and granting a new trial, and directing that the costs of the appeal abide the event, the defendant appeals. Reversed, and judgment of the Justice's Court affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Henry L. Maxson, for appellant.
Lincoln B. Haskin, for respondent.

HOOKER, J.   In Clinton v. Frear, 107 App. Div. 571, 95 N. Y. Supp. 321, this court recently took occasion to refer to the rule governing the

power of the County Court to reverse justices' judgments and grant new trials. There the presiding justice wrote as follows:

"The jurisdiction of the County Court to review the decision upon the facts, and to determine the weight of the evidence, was conferred by the amendment of section 3063 of the Code of Civil Procedure, effected by chapter 553, p. 1277, of the Laws of 1900. Prior to that amendment, the power to reverse the judgment as against the weight of evidence where the evidence was conflicting did not exist at all. Halsey v. Hart, 85 Hun, 46, 32 N. Y. Supp. 665; Ludlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370; City of Brooklyn v. B. C. & N. R. Co., 11 App. Div. 168, 42 N. Y. Supp. 371; Norton v. Arvernam Co., 14 App. Div. 581, 584, 43 N. Y. Supp. 1099; Clark v. Daniels 29 App. Div. 600, 51 N. Y. Supp. 177. While the amendment referred to undoubtedly did confer the power, it was held by the Appellate Division in the Third Department, in Murtagh v. Dempsey, 85 App. Div. 204. 83 N. Y. Supp. 296, that the authority so conferred should be exercised only when the justice's judgment is so plainly against the weight and preponderance of proof that it can be seen that the justice could not reasonably have arrived at the decision which he made. And this court, in the very recent decision of Von Der Born v. Schultz, 104 App. Div. 94, 93 N. Y. Supp. 547, held that where the evidence given in an action tried before a jury is so evenly balanced that reasonable men might differ as to the inferences to be drawn therefrom, and such evidence is fairly submitted to the jury, the trial court should not, in the exercise of its discretion, set aside the verdict as against the weight of evidence. The rule, of course, is to be applied only with a due regard to the demands of justice in each case, and on giving full allowance to the interest and partnership of witnesses, and the qualifying effects of the ever-varying conditions of time, place, and circumstance."

Tested by this rule, we are of opinion that the County Court should not have reversed the judgment of the justice in this case. The plaintiff was a corporation, engaged in the city of New York in the manufacture of clothing. The defendant was a resident of Nassau county, and had been in the business of taking orders for clothing and having them made by the plaintiff, and had dealt thus for about a year prior to the 2d day of July, 1904. As his evidence is printed in the record, Fyfe, the plaintiff's manager, merely testifies that defendant admitted to him that he had received certain goods; "that they were of the value of ——— costs, $125.50." He then testifies that the action is for $120.34, and that $5 has been credited to him on goods returned. A bill was then received in evidence marked "Exhibit for plaintiff," which Fyfe testified was a correct statement of goods sold and delivered during the period of the business relations between the parties; but such an exhibit does not appear printed. Hockstin, who was shipping clerk for the plaintiff, testified that on October 16, 1903, he shipped a package to the defendant which contained several suits of clothes. The evidence of Rapelyea, Terry, and Cornwell, who, it is sought to be made to appear, were persons for whom clothes contained in the shipment of October 16th were made, is of little weight because of the almost total failure to identify the clothes of which they testified with those contained in the shipment of October 16th. Such is the practical extent of the plaintiff's evidence. The defendant testified that he never received any goods from the plaintiff which he did not pay for; that all of the goods sent to him came marked C. O. D.; that he does not owe the defendant anything; that when he received the letter of December 28, 1903, he immediately disclaimed by a reply that there was anything due from him, and offered in evidence this letter, from which it appears that the

plaintiff was uncertain on that day (scarcely two months after the goods were shipped) whether or not they had been paid for. On this conflicting evidence the jury found a verdict for the defendant, and in it there is no such preponderance in plaintiff's favor as to justify the County Court in setting it at naught.

The respondent's claim of irregularity in the judgment cannot avail it on this appeal. The defendant alone appealed from the judgment of the County Court. If the respondent's claim is correct, then respondent was in the County Court entitled to a judgment of absolute reversal, instead of to the judgment which was entered reversing the justice's judgment as against the weight of evidence and granting a new trial. Not having appealed therefrom, the plaintiff must be deemed satisfied therewith, and cannot now urge that the judgment should be affirmed because the County Court should have granted an absolute reversal of the justice's judgment.

The judgment appealed from must be reversed, and the judgment of the Justice's Court affirmed, with costs in this court and the County Court to the appellant. All concur, except MILLER, J., who dissents.