note of issue was filed pursuant to said last notice of trial. Section 3162, supra, which requires "a note of issue to be filed at least two days before the day or commencement of the term for which the notice of the trial or hearing is given," is not complied with where a note of issue of fact or law is filed prior to the notice of trial and prior to the term for which the notice is thereafter given, as the same section provides that such a note of issue must state the day and term for which the notice of trial has been given.

The plaintiff failed to comply with the section quoted; but, after the filing of the first note of issue, he then served two notices of trial, as hereinabove stated. This practice is not sanctioned under the following authorities: Miner v. Galvanotype Engraving Co., 30 Misc. Rep. 200, 61 N. Y. Supp. 1102; McMann v. Brown, 92 App. Div. 249, 87 N. Y. Supp. 38. The motion must therefore be granted; but, as the attorney who now appears of record states that he was substituted as attorney for the plaintiff after the note of issue had been filed by a previous attorney and noticed for trial as aforesaid, the court will not impose as a condition for the denial of this motion any costs.

It further appears from the moving papers that a motion had heretofore been made to advance this case to the short cause calendar, and that the same question was raised which is now raised upon this motion to strike this cause from the calendar, and which resulted in an order being made by one of the justices of this court on the 28th day of January, 1910, denying such motion, with $10 costs. As the costs have not been paid, these proceedings must be stayed until the costs under said order are paid. Section 779, Code Civ. Proc. As a rule this court, in the denial of motions to advance cases to the short cause calendar, very seldom imposes costs on the denial of such motions; but, as the order is in full force and effect imposing the costs, the court must follow it until it is appealed and reversed.

Motion granted. Settle order on one day's notice.

---

(67 Misc. Rep. 46.)

### SEELEY v. LAKE SHORE & M. S. RY. CO.

(Chautauqua County Court. March 21, 1910.)

1. JUSTICES OF THE PEACE (§ 183*)—APPEAL—REVIEW.

Every reasonable and warrantable intendment is to be indulged in favor of a judgment of a justice, and it is not to be disturbed, unless his decision could not reasonably have been made.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 705–714; Dec. Dig. § 183.*]

2. RAILROADS (§ 413*)—INJURING ANIMALS—CROSSINGS—GATES.

Under Railroad Law (Laws 1890, c. 565) § 32, requiring a railroad company to erect and maintain a fence at the side of the road of sufficient strength to prevent cattle going on its road, with openings with gates therein, it is liable for an animal killed on the track which got there through such a gate, by reason of a structural defect therein, admitting of an opening of two or three feet on application of moderate pressure.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1468; Dec. Dig. § 413.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Justice Court.

Action by Mason Seeley against the Lake Shore & Michigan South-
ern Railway Company.   Judgment for plaintiff.   Defendant appeals.
Affirmed.

J. L. Hurlburt, for appellant.
Edson & Crosby, for respondent.

OTTAWAY, J.   This is an appeal taken from a judgment of a
justice of the peace of Chautauqua county, awarding damages to the
plaintiff against the defendant for the value of a bull killed upon de-
fendant's right of way.   The evidence discloses that this animal was
in a pasture adjoining the defendant's railroad.   The defendant had
erected a substantial wire fence along the line of its right of way, with
a gate leading from the pasture upon the defendant's railroad.   There
is evidence tending to show that this gate was out of repair.   Testi-
mony was given upon the trial that the gate was designed to operate
by means of two hinges fastened to the gate and connecting the gate
to a post by two hooks.   A witness testifies that the upper hinge sim-
ply rested upon the hook, and that any pressure upon the gate would
cause the gate to tilt, and leave a space of from two to three feet be-
tween the post and the gate.   There was sufficient testimony in the
case from which it could be inferred and determined by the trial court
that this condition was structural, and not the result of accident.   The
space thus created would be sufficient to permit the passage of the
animal upon the defendant's right of way.   From this testimony the
trial court has found the essential elements of a cause of action in
cases of this character.

It has long been the uniform practice of this court, in reviewing
judgments and proceedings had before a justice of the peace, to view
them with indulgence and to sustain them by every reasonable and
warrantable intendment.   Schoonmaker v. Spencer, 54 N. Y. 366.
Public policy requires that the judgments and decrees of justices'
courts should not be reversed or modified, unless the decision of the
justice or jury could not reasonably have been made.   International
Tailoring Co. v. Bennett, 113 App. Div. 476, 99 N. Y. Supp. 438;
Brewer v. Califf, 103 App. Div. 138, 92 N. Y. Supp. 138.

Section 32 of the railroad law of the state of New York (Laws
1890, c. 565) provided:

"Every railroad corporation * * * shall * * * erect and thereafter
maintain fences on the sides of its road of height and strength sufficient to
prevent cattle, horses, sheep and hogs from going upon its road from the adja-
cent lands with farm crossings and openings with gates therein at such farm
crossings whenever and wherever reasonably necessary for the use of the
owners and occupants of the adjoining lands, and shall construct where not
already done, and hereafter maintain, cattle guards at all road crossings, suit-
able and sufficient to prevent cattle, horses, sheep and hogs from going upon
its railroad.   So long as such fences are not made, or are not in good repair,
the corporation, its lessee or other person in possession of its road, shall be
liable for all damages done by their agents or engines or cars to any domestic
animals thereon.   When made and in good repair, they shall not be liable for
any such damages, unless negligently or willfully done."

Frequent adjudications have been made by the courts of this state, defining the application of this statute to facts presented for consideration. Recoveries have been uniformly sustained, where the evidence disclosed a violation or a negligent disregard of this statute by railroad companies. The defendant in this case admits the presence of the animal upon its right of way opposite the pasture where it had been and its killing by the defendant's locomotive. It insists that the proof is not sufficient to establish a liability upon the part of the defendant by reason of its failure to keep its fence in repair, or that the presence of the animal upon its right of way was due to any defective condition in the fence of defendant. It was incumbent upon the plaintiff to establish these facts before he could recover. The justice by his judgment has determined that these facts were established. The evidence seems to sustain this proposition.

The further claim is made by the defendant that, if any defect existed, no notice, either actual or constructive, had been given the defendant of this condition. The evidence in the case warrants the inference and determination that the defect was structural, and had existed for a considerable time, and that the defendant ought, in the exercise of reasonable care, to have known of this condition, and was negligent in not discovering and correcting this condition. It cannot be said that a gate adjoining a pasture containing stock that admits of an opening of from two to three feet upon the application of moderate pressure is of sufficient strength to prevent cattle from going upon railroads, and it cannot be said that such a fence is a proper structure in such localities.

The judgment in this case must be affirmed, with costs to respondent. Dayton v. N. Y., L. E. & W. R. R. Co., 81 Hun, 284, 30 N. Y. Supp. 783; Corwin v. N. Y. & E. R. R. Co., 13 N. Y. 42.