DOMINICK GUANDO, Respondent, *v.* HENRY ALPEN, Appellant.

Second Department, January 16, 1920.

**Justice of the peace — practice on appeal — technical errors or defects not affecting the merits.**

Where in an action before a justice of the peace to recover a balance claimed to be due for work, labor, services and materials furnished, the value of the work, etc., was alleged in the complaint and denied in the answer and the issue thus raised was litigated and the justice upon satisfactory evidence and after examination of the work, which had not been performed in a workmanlike manner, decided in favor of the defendant denying plaintiff a recovery and dismissing the defendant's counterclaim for the expense of having the work done over, a judgment and order of the County Court reversing the judgment of the justice of the peace should be reversed and the judgment of the justice of the peace affirmed.

Technical rules of pleading have no place in the practice in courts of justices of the peace. It is the uniform practice of the courts, in reviewing proceedings had before a justice of the peace, to regard them with marked indulgence and liberality in furtherance of the ends of justice and, if possible, to sustain them by every reasonable and warrantable intendment. A just and proper administration of the law at all times requires an appellate court in such a case to render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits. This is not only the correct rule but is mandatory.

If a judgment of a justice of the peace is right, though based upon an incorrect theory, it is the duty of an appellate court to sustain it if there is a correct theory upon which it may be sustained.

APPEAL by the defendant, Henry Alpen, from an order and judgment of the County Court of Nassau county, entered in the office of the clerk of said county on the 23d day of July, 1918, reversing the judgment of a justice of the peace of the town of Hempstead dismissing the complaint, with costs, and dismissing defendant's counterclaim.

*Adrian H. Courtenay,* for the appellant.

*Lincoln B. Haskin,* for the respondent.

JAYCOX, J.:

This action was brought before a justice of the peace of the county of Nassau to recover a balance claimed to be due

for work, labor, services and materials furnished. The answer denied the allegations of the complaint as to the reasonable value of the work and labor performed and materials furnished, and set up a counterclaim in which it is alleged that plaintiff entered into a contract to construct for defendant a concrete driveway for the sum of $150; that $50 has been paid on account thereof, and that plaintiff performed his work so unskillfully that defendant was obliged to have said work done over at an expense of $200; and demanded judgment for the sum of $100.

Upon the trial of the action the justice of the peace refused to permit the defendant to introduce any evidence of damage under the counterclaim, and eventually dismissed the counterclaim. From this dismissal the defendant failed to take an effective appeal. The issue before the justice of the peace was, therefore, upon the complaint and the denials in the answer. It was undisputed that the work mentioned in the complaint was done pursuant to the contract, and the evidence amply justified a finding that the plaintiff had not done his work in a workmanlike manner and that a large part of the work would have to be removed and done over. By consent, the justice of the peace examined the work. After such examination he gave judgment in favor of the defendant, merely denying plaintiff a recovery and dismissing the counterclaim. The defendant recovered $7.86 costs. The plaintiff appealed to the County Court of Nassau county and that court reversed the judgment of the justice, the learned county judge stating in his opinion: " It is apparent that the learned Justice of the Peace reached his conclusion upon either one of two theories, to wit: that the cost of replacement and completion of the contract was exactly one hundred dollars, or that the counterclaim was not well founded and there was a breach of the contract on the part of the plaintiff which barred a recovery. The difficulty with the second theory is that the defendant did not elect to proceed upon that theory for a defense, and the difficulty with the first theory is that there is no evidence to sustain it." I can see no difficulty in sustaining the judgment of the justice of the peace upon the theory that there was a breach of the contract upon the part of the plaintiff which barred a recovery. The value of

the work, labor and services was alleged in the complaint and denied in the answer, and the issue thus raised was litigated, and the justice of the peace, upon evidence which was entirely satisfactory and after examination of the work, decided in favor of the defendant. The pleadings and the evidence justified the result, and this result cannot be questioned except upon some technical rule of pleading. Such technicalities, however, have no place in the practice in courts of justices of the peace. It is beyond question the uniform practice of the courts, in reviewing the proceedings had before a justice of the peace, to regard them with marked indulgence and liberality in furtherance of the ends of justice and, if possible, to sustain them by every reasonable and warrantable intendment. (*Schoonmaker* v. *Spencer,* 54 N. Y. 366; *Sebring* v. *Stryker,* 10 Misc. Rep. 289; *Knight* v. *Wilson,* 55 Hun, 559; *Beecher* v. *Kendall,* 14 id. 327.) A just and proper administration of the law at all times requires an appellate court to render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits. This is not only the correct rule, but is mandatory. (Code Civ. Proc. § 3063.) If a judgment of a justice of the peace is right, though based upon an incorrect theory, it is the duty of an appellate court to sustain it if there is a correct theory upon which it may be sustained. (*Putnam Foundry & Machine Co.* v. *Young,* 55 App. Div. 623.)

The judgment and order of the County Court of Nassau county should be reversed and the judgment of the justice of the peace affirmed, with costs in this court only.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concur.

Judgment and order of the County Court of Nassau county reversed, with costs in this court to the appellant, and judgment of the Justice's Court affirmed.