JACOB SMITH, Respondent, *v.* LILLIAN FREDERICKS, Appellant.

County Court, Montgomery County, December 1, 1932.

*Edward R. Hall,* for the appellant.

*Gordon Hough,* for the respondent.

STEWART, J.  The plaintiff is the manager of a Grand Union grocery store in the village of St. Johnsville.  The mother of the defendant was a customer at the store and had an account there. On April 18, 1931, the defendant, Lillian Fredericks, asked for more goods on the account and her request was granted upon condition that she give the plaintiff an " Order on the Beechnut Packing Company," where she was employed, which order she then and there executed and which reads as follows:

" To the BEECHNUT PACK. Co.

" Canajoharie, N. Y.

" You are authorized to pay any groc. bill presented by the Grand Union Store of St. Johnsville, N. Y.

" (Signed)     LILLIAN FREDERICKS."

The defendant thereafter purchased groceries at various times and made various payments on the bill, until July 3, 1931, when the plaintiff refused further credit.  The plaintiff thereupon brought action in Justice's Court in the town of St. Johnsville, where the action, after several adjournments, was tried on October 1, 1931, and judgment was rendered on October 6, 1931, by the court, without a jury, in favor of the plaintiff in the amount of fifty dollars and sixty-eight cents and costs.  From this judgment the defendant now appeals.

The points raised by the defendant on this appeal are as follows:

I. Is the plaintiff the real party in interest, and has the legal capacity to sue?

II. Was the agreement of the defendant an original undertaking? and

III. If not, is the order a sufficient memorandum to take the case out of the Statute of Frauds?

In determining whether the plaintiff is the real party in interest, the test to be applied is: Has the plaintiff the legal title and will the recovery or satisfaction by the plaintiff bar all claims by others? (*Borgos* v. *Price,* 140 Misc. 287; *Brown* v. *Powers,* 53 App. Div. 251, and cases cited; *Thompson* v. *Whitmarsh,* 100 N. Y. 35.)

The evidence on this point is clear and uncontradicted.  The plaintiff testified that he owned the goods sold the defendant and that he paid money for them.  He further testified that whenever he extended credit to any one he did this as an individual and not as manager and that he was obliged to and did pay the company for whatever goods were sold on credit.  No testimony was offered to contradict this testimony and it must, therefore, be held that,

being the owner of the goods, the legal title was in him and that recovery or satisfaction by the plaintiff will bar all claims by others. Therefore, the plaintiff must be held to be the real party in interest and has the legal capacity to sue. (*Cummings* v. *Bush*, 227 App. Div. 836; *Spencer* v. *Standard Chemical Corp.*, 237 N. Y. 479.)

Upon the second point on this appeal the testimony is not so clear and is conflicting.

The plaintiff testifies that on April 18, 1931, when the defendant asked for a further extension of credit on the account, " I asked her where she worked and she said at the Beechnut Packing Company, and I told her if she would give me an order on the Beechnut Packing Company, I would let her have more goods." This order the defendant executed and delivered to the plaintiff, whereupon the plaintiff extended the defendant credit and changed the name of the account from her mother's name to that of the defendant, and all further dealings were between the plaintiff and the defendant, so the plaintiff testifies.

The testimony of the defendant varies from this. She testifies that the order was to be for only twenty dollars, and that upon payment of this twenty dollars on the account a few days later, her order was to be returned to her. The guaranty of the payment of the twenty dollars of the account, she testifies, was the sole purpose of the order and she had no intention of becoming liable on the account further than that. The order itself does not mention twenty dollars.

The question now presents itself as to whether the facts as stated by the plaintiff justify a finding by the court below and this court that the defendant entered into an original undertaking so as to take the case out of the Statute of Frauds and obviate the necessity of a memorandum.

This question and its corollary, viz., what consideration will be deemed sufficient to support an original undertaking, have furnished the courts of this State much litigation, and we must trace the decision from the old and familiar opinion of Chief Justice KENT in *Leonard* v. *Vredenburg* (8 Johns. 29) down to the opinion of FINCH, J., in *White* v. *Rintoul* (108 N. Y. 222) before a satisfactory definition is reached.

The Court of Appeals in that case defined an original undertaking as follows: " Where the primary debt subsists and was antecedently contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor and beneficial to him, and such that the promisor thereby comes under an independent duty of payment irrespective of the liability of the principal debtor." (*White* v. *Rintoul*, 108 N. Y. 222, 227.)

If we are to believe the plaintiff's testimony, there is no difficulty in arriving at the conclusion that this was an original undertaking, the new consideration moving to the promisor being the extension of credit to her, this certainly being beneficial to her.

The evidence is conflicting, but it is only where the judgment is against the weight of evidence that this court is allowed to reverse. (Justice Court Act, § 451.)

A judgment is not against the weight of the evidence, even where the evidence is evenly balanced or where there is strong preponderance either way. (*International Tailoring Co.* v. *Bennett*, 113 App. Div. 476; *Clinton* v. *Frear*, 107 id. 571.)

A judgment based on an incorrect theory is, nevertheless, sustainable on the correct theory. (*Guando* v. *Alpen*, 190 App. Div. 567.)

Holding that this was an original undertaking within the rule laid down in *White* v. *Rintoul* (*supra*), it becomes unnecessary to decide whether the order was a sufficient memorandum to comply with the terms of the Statute of Frauds. (Pers. Prop. Law, § 31.)

It also becomes unnecessary to go into various technical points raised by defendant's counsel, the court being satisfied that substantial justice was done by the judgment below. (Justice Court Act, § 451; *Higgins* v. *Cohen*, 29 Misc. 749.)

Judgment affirmed, with twenty-five dollars costs to the respondent.