ANTHONY SELLARI, Respondent, *v.* SAMUEL PALERMO, Appellant.

County Court, Chautauqua County, May 12, 1947.

*Merle L. Rowe* for respondent.

*McKinley L. Phillips* for appellant.

BODINE, J. This action is for damage sustained by plaintiff in an automobile collision with defendant on April 17, 1945. The damages to plaintiff's car were stipulated to be $164.63 and were so assessed by the jury. While the issue of negligence was sharply contested it cannot be said to be so clearly against the weight of evidence as to require reversal, especially under the rule pertaining to judgments of courts not of record which are to be sustained if possible by every reasonable and warrantable intendment. (Justice Ct. Act, § 451; L. 1920, ch. 937; *Guando* v. *Alpen,* 190 App. Div. 567, and cases cited.)

The remaining question concerns the award of $168 as damages for plaintiff's loss of use of his car for a period of thirty days

pending completion of repairs. In arriving at this damage the jury based its finding on the fact that for lack of transportation ordinarily provided by his car plaintiff lost twelve days' work for which he would have received $14 per day.

The testimony on this point was received over defendant's objection as being irrelevant, immaterial and improper. Its reception followed the offer by plaintiff to state what the " fair value of the use of this car " to him was during the period it was laid up. There was no claim that plaintiff had attempted to rent a car, but rather that during the period in question in 1945 " nobody had a car for rent " and nobody " could testify from a garage standpoint what the value of loss of use was." It was asserted that plaintiff was unable to go to his work because he could not rent a car and could not obtain transportation. Except for those twelve days, it appeared that plaintiff obtained other means of conveyance.

As stated in plaintiff's memorandum, a marked change has developed over the years in the rule of damages to be applied in these cases. Time was when no recovery could be had unless a substitute car was actually hired. (*Cardozo* v. *Bloomingdale,* 79 Misc. 605; *Dettmar* v. *Burns Bros.,* 111 Misc. 189, and cases cited.) It is now established that " The right of an owner of the chattel to the use of his property is not diminished by the use the owner makes of it. The right to use, whether for business or pleasure, is absolute, and whoever injures the owner in the exercise of that right renders himself liable for consequent damages." (*Dettmar* v. *Burns Bros., supra,* pp. 191-192.) This has been the law, generally speaking, since long before the automobile was thought of (*Allen* v. *Fox,* 51 N. Y. 562) and as there held, the measure of damages is the usable value of the property of the use of which the plaintiff has been wrongfully deprived by the defendant.

How is this element of " usable value " to be arrived at in a given case? The current rule, where it can be justifiably applied, is that of ascertaining the rental value of the damaged car during the period and this custom, it has been said, has prevailed largely because that measure of damages is rarely objected to. (*Naughton Mulgrew Co.* v. *Westchester Fish Co.,* 105 Misc. 595.) But who is there who could say with any certainty during the year 1945 what the rental value of a specific car was? I dare say one would look far to find anyone who would be qualified to give an opinion and even farther to find any instances of cars other than commercial, being available for rent in this vicinity. It seems to me that this is an instance where the

usual rule cannot be applied with practicality and that, therefore, recourse must be had to some other appropriate admeasurement of damages if the award is to be sustained.

Under the circumstances of the particular case in actions such as this, loss of business profits may be considered as an element of damages if they can be computed with reasonable certainty and the probative value of the evidence is for the jury. (17-18 Muddy, Cyclopedia of Automobile Law [9th ed.], § 256, ᴐ. 538, citing various out-of-State cases; 1 New York Law of Damages, § 444; *Smalling* v. *Jackson,* 133 App. Div. 382; *Moore* v. *Metropolitan Street R. Co.,* 84 App. Div. 613; *Donnelly* v. *Poliakoff,* 79 Misc. 250.) And the same rule has been applied as to loss of earnings. (*Albert* v. *Bleecker Street R. R. Co.,* 2 Daly 389, cited in 25 L. R. A. [N. S.] 625, 626.) In fact the terms, profits and earnings may be considered synonymous when applied to one whose compensation depends on manual labor performed on a daily wage basis as was the case with plaintiff.

The jury has found as a fact that plaintiff was deprived of his ability to earn for a period of twelve days and assessed his damage accordingly. Such a finding appears reasonable on the facts here presented; at least it is not so disproportionate as to require reversal. (*Bump* v. *Betts,* 23 Wend. 85, cited in *Smalling* v. *Jackson, supra.*)

The judgment is affirmed, with costs.