NELSON B. CLARK, Appellant, *v.* LUCIUS DANIELS, Respondent.

*When a County Court is not justified in reversing a judgment of a justice of the peace — action to recover damages for shooting a dog.*

In an action to recover damages for the shooting of the plaintiff's dog, two witnesses testified that they heard a dog snarling in a piece of wood, "then came the report of a gun," and smoke was seen rising from the place whence the noise came, and that immediately thereafter the defendant came out of the wood with a gun in his hand; and it appeared that some days thereafter the plaintiff's dog was found in the wood near the place where the gun was fired, lying dead with a gunshot wound in his head.

The defendant denied the shooting and testified that he was at home the whole of the afternoon in question, in which statement he was corroborated by several witnesses, although contradicted by several witnesses sworn by the plaintiff, who testified that they saw the defendant with a gun on the afternoon in question near the place where the dog was shot.

*Held,* that the County Court was not justified, under the evidence in this case, in reversing a judgment of a justice of the peace rendered upon the verdict of a jury in favor of the plaintiff.

APPEAL by the plaintiff, Nelson B. Clark, from a judgment of the County Court of Fulton county in favor of the defendant, entered in the office of the clerk of the county of Fulton on the 14th day of December, 1897, reversing a judgment in favor of the plaintiff rendered by a justice of the peace, with notice of an intention to bring up for review upon such appeal an order of the County Court of Fulton county entered in said clerk's office on the 9th day of December, 1897, reversing said justice's judgment.

The action is to recover damages against defendant for shooting plaintiff's dog. The justice of the peace rendered a judgment in plaintiff's favor for twenty-five dollars and costs. The County Court reversed such judgment, and from that judgment of reversal this appeal is brought.

*Clarence W. Smith,* for the appellant.

*Philip Keck,* for the respondent.

PARKER, P. J.:

It appears from the opinion of the county judge that he reversed the justice's judgment for the reason that the evidence was not

sufficient to warrant the conclusion by the jury that the defendant shot the dog.

The dog disappeared on November 19, 1896, about four o'clock in the afternoon. About half-past four o'clock on that day two witnesses testify that they heard a dog snarling in a piece of woods, known as Moot's woods, and but a short distance from where they were at work, and "then came the report of a gun," and smoke was seen arising at the place from whence the noise came, and immediately thereafter the defendant came out of the woods with a gun in his hand and followed by his dog and went away in a westerly direction from them. On November twenty-eighth the dog was found in the woods and near the place where the gun was fired, lying dead, with a gunshot wound in its head. The same witness who heard the shot was present when the dog was found.

The defendant, as a witness, denied the shooting, and testified that he was the whole of that afternoon at home in the city of Johnstown. He also swore several witnesses to the effect that they saw him in the city at the time of the alleged shooting. In rebuttal the plaintiff swore several witnesses who testified that they saw defendant with a gun and his dog on that afternoon in the locality of Moot's woods. Here was a clear conflict of evidence on the question whether defendant had established the alibi which he claimed. And if he failed in that, and was the person who was seen coming out of the woods after the firing of the gun and at about the time when the dog was last seen, a jury would be justified in inferring that he was the person who had shot the dog.

The rule to be observed by a County Court in reversing justices' judgments is stated in *Burnham* v. *Butler* (31 N. Y. 481) as follows: " Where, on a trial in a Justice's Court there is evidence on both sides, and even where there is only slight evidence in support of the cause of action on which there is a recovery, the County Court is not authorized to reverse the judgment, although such court may arrive at a conclusion upon the facts of the case, or the weight of evidence, different from that drawn by the justice." (See, also, *Ludlum* v. *Couch*, 10 App. Div. 603; *Norton* v. *Arvernam Co.*, 14 id. 581, 584; *Halsey* v. *Hart*, 85 Hun, 46.)

Manifestly, in the case at bar, the questions presented were essen-

tially ones for the jury to determine, and our conclusion is that the County Court was not justified in reversing its verdict.

We do not find any errors in the record of proceedings before the justice which will warrant a reversal of his judgment. There was no error in receiving the amended complaint. The objection to it was withdrawn. Nor can the defendant assign, as ground for reversing the judgment, that it was not as large against him as the evidence warranted. An examination of the rulings made during the trial does not disclose any reasonable error, and hence we must conclude that the judgment of the County Court was erroneous, and should be reversed.

All concurred.

Judgment of County Court reversed, with costs, and judgment of Justice's affirmed, with costs.