for a reversal of the judgment convicting the defendant of the misdemeanor provided by the game law, and the determination of the court could have well been put on those grounds alone. We are forced to disagree with that portion of the opinion which intimates that a private park cannot be maintained under the statute, unless proof is given that animals and fish were actually bred and propagated thereon. The language of the statute is:

"Devote such lands, or lands and water, to the propagation or protection of fish, birds or game."

It is well known that when fish and game are protected they propagate rapidly. In the present case the proof is that both have very largely increased since the establishment of the park. A protection which allows natural propagation, we think, meets the requirement of the statute. We are mindful that this interpretation deprives the public at large, by the infliction of severe penalties for infraction of the law, of the pleasure and profit of fishing and hunting in a very large portion of the Adirondack forest, and gives to men of great wealth, who can buy vast tracts of land, great protection in the enjoyment of their private privileges. The wisdom of the Legislature in prescribing exemplary damages, and making fishing and hunting upon private parks a misdemeanor, is not for the court to review. It was within its province to do so if it saw fit. Exemplary damages are no new thing for willful conduct, and the Legislature is constantly enacting that certain willful injuries shall be deemed misdemeanors.

The burden was on the defendant to show that the stream in which he fished had been dedicated to the public. The plaintiff being the owner of the land through which it flowed, it was prima facie private property, and, upon the plaintiff showing compliance with the statute, he was presumptively entitled to recover. There was no proof that the stream in which the defendant was fishing had been, in contemplation of law, stocked by the state. He failed, therefore, to justify his acts, and by them incurred liability for the penalty in the form of exemplary damages, provided by the statute.

The judgment must be reversed, and a new trial granted, with costs to abide the event. All concur.

---

(85 App. Div. 204.)

## MURTAUGH v. DEMPSEY.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. JUSTICE'S JUDGMENT—REVERSAL BECAUSE CONTRARY TO EVIDENCE—POWERS OF COUNTY COURT.

Under Code Civ. Proc. § 3063, as amended by Laws 1900, p. 1277, c. 553, allowing the county court to reverse a judgment of the justice of the peace, because against the weight of evidence, that power is to be exercised only when the judgment is so plainly against the weight and preponderance of proof that it can be seen that the justice could not reasonably have arrived at the decision which he made.

2. LANDLORD—LIABILITY FOR REPAIRS—EVIDENCE.

In an action by a materialman against the owner of a building, who had contracted to pay for material to be used by the tenant for repairs, in which it appeared that the landlord required that the material be

purchased at a reasonable price, evidence of acts of a servant of the tenant in purchasing material and attempting to get it as cheaply as possible was admissible.

8. SAME—COMPLAINT IN ANOTHER ACTION.

A landlord agreed to pay for the material to be used in certain repairs to the premises, providing the tenant would pay for the work which he agreed to do, on the understanding that he was to continue as lessee after the building had been repaired. *Held*, in an action against the landlord by one who furnished material, that the complaint in an action by the tenant against the landlord to recover for the value of the labor performed in making repairs was inadmissible.

Appeal from Franklin County Court.

Action by Patrick J. Murtaugh against William Dempsey. From a judgment of the County Court, reversing a justice's judgment for plaintiff, he appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Walter J. Mears, for appellant.

Charles A. Burke, for respondent.

HOUGHTON, J. The defendant was owner of a building, a portion of which was occupied by one Bush as a meat market. Certain repairs were necessary to the cooler used in connection with said market, and an agreement was entered into between the defendant and his tenant that the defendant would furnish material for the repairs provided the tenant would furnish the labor. The defendant authorized Bush to purchase the material for such repairs as cheaply as he could, and he did purchase some of said material from the plaintiff on the credit of the defendant. The defendant paid a part of the bill, but refused to pay for two window sash and lights. The ground of refusal was that the windows were not a part of the material used in the repairs. The proof showed that they were necessary and proper in the construction of the cooler, and the old cooler was constructed in the same manner. The defendant was sworn in his own behalf in the trial court, and did not deny his agreement to pay for the material for the repairs, and admitted that he had paid some bills presented by other parties, but claimed that his agreement to buy material was for much less repair than was actually put upon the structure. He was at the building from time to time, and saw what was being done, and the proof against him was quite overwhelming that he had agreed to pay for all material, provided the tenant, Bush, would do the work.

Prior to the amendment of section 3063 of the Code of Civil Procedure by chapter 553, p. 1277, of the Laws of 1900, a County Court was not permitted to reverse a judgment of a justice of the peace because the judgment was against the weight of evidence. Until this amendment, the rule was that, where there was evidence upon both sides, with only slight evidence in support of the judgment, the County Court was not authorized to reverse the judgment, although such court might arrive at a conclusion upon the facts of the case, or the weight of evidence, different from that drawn by the justice. Clark v. Daniels, 29 App. Div. 601, 51 N. Y. Supp. 177; Burnham v. But-

ler, 31 N. Y. 481.   It is said in Jacob v. Haefelien, 54 App. Div. 570,
66 N. Y. Supp. 1007, that this amendment was brought about by the
suggestion of the court in Northridge v. Astarita, 47 App. Div. 486,
62 N. Y. Supp. 441, that it would promote the ends of justice to con-
fer upon appellate tribunals authority to review the judgments of
justice's and Municipal Courts to the same extent and subject to the
same rules as were applicable to the review of judgments rendered by
the Supreme Court.

It is manifest that the authority conferred by section 3063 of the
Code upon County Courts to reverse a judgment of a justice's court,
because it is contrary to or against the weight of evidence, is to be
exercised only when the judgment is so plainly against the weight of
evidence and preponderance of proof that it can be seen that the jus-
tice could not reasonably have arrived at the decision which he made.
The County Court, by this provision of the Code, has no greater
power over judgments rendered by justices of the peace than has
the Appellate Division and Court of Appeals over judgment of courts
and referees.   The rule governing the consideration of appeals has
been stated in various ways, but all are to the same purport.   In
Sanger v. French, 157 N. Y. 213, 51 N. E. 979, O'Brien, J., says:

"A court on appeal cannot set aside the findings of the trial court merely
because they are of opinion that, upon the record before them, they would
feel constrained to find the fact the other way.   It must appear judicially
from the record that the findings are against the weight and preponderance
of proof so plainly that it can be held that the trial court or referee could
not reasonably have arrived at the conclusion expressed in the decision.   In
order, therefore, to sustain in this court a reversal of the referee upon the
facts, it must appear that his findings are against the weight of evidence,
or that the proofs so clearly preponderated in favor of a contrary result that
it can be said with a reasonable degree of certainty that his conclusions were
erroneous."

In substantially the same language the rule is also laid down in
Foster v. Bookwalter, 152 N. Y. 166, 46 N. E. 299.   In Fox v. N. Y.
Elevated R. R. Co., 42 App. Div. 613, 58 N. Y. Supp. 707, this rule
is reiterated and applied to the consideration of the case, as also in
Rowland v. Rowland, 40 App. Div. 606, 57 N. Y. Supp. 566, and in
Franklin Coal Co. v. Hicks, 46 App. Div. 441, 61 N. Y. Supp. 875.

In the present case, there was no preponderance of evidence in
favor of the defendant.   On the contrary, the preponderance was in
favor of the plaintiff that the defendant had agreed to furnish the
material for the repairs, including the windows, and had authorized
his tenant to purchase them on his account, not only by his directions
so to do, but by his knowledge of what was being done, and his rec-
ognition by payment of other bills incurred in the same manner.
The decision of the County Court must therefore be reversed, unless
there was some error in the admission or exclusion of evidence on
the trial in the justice's court which justified a reversal.

We find no error in the rulings there made.   Proof of what Di-
mond did in the purchase of the material in suit was proper.   He
was the servant of Bush, who was authorized by the defendant to
make the purchase, and he was deputized by Bush to select the ma-
terial and inquire the price.   What he did toward attempting to get

the material cheaply was in accordance with the defendant's requirement ·that the purchases should be made at a reasonable price. The refusal of the justice to admit in evidence the complaint in an action of Bush against the present defendant was not error. There was no plea of payment in the defendant's answer, and that action was to recover, not the price of the material here sought to be obtained, but the value of the labor performed by Bush in making the repairs, which he had agreed to furnish without charge on the understanding that he was to continue as lessee of the building which he had thus repaired. The issues in that action, therefore, were not material to the one on trial, and could in no way be binding on the present plaintiff, nor a bar to his recovery. Nor, as claimed, was the complaint material as impeaching the testimony of a witness; for the plaintiff in that action was not sworn as a witness on the present trial. These were the only rulings invoked to sustain the reversal. They being correct, there was nothing which permitted the County Court to reverse the judgment of the justice.

The judgment and order of the County Court should be reversed, and the judgment of the justice affirmed. with costs in this court and in the County Court. All concur.