### BREWER v. CALIFF.

(Supreme Court, Appellate Division, Third Department.　March 8, 1905.)

1. JUSTICES—APPEAL—REVIEW.

　　A justice's judgment is not reversible by the county court as against the weight of the evidence, unless so plainly against the preponderance of proof that it can be seen that the justice could not reasonably have arrived at the decision.

　　[Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Justices of the Peace, §§ 716–718.]

2. SAME—EVIDENCE—SUFFICIENCY.

　　In an action for damage to land and crops by the diversion of a water course, evidence *held* sufficient to sustain the finding for plaintiff.

Appeal from Chemung County Court.

Action by Adelbert D. Brewer against S. S. Califf. From an order and judgment and from an order amending the judgment, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Mosher & Lynch (Lewis E. Mosher, of counsel), for appellant.
H. H. Rockwell, for respondent.

SMITH, J. The appellant here seeks to reverse a judgment of the Chemung County Court reversing a judgment of a justice of the peace in favor of the plaintiff as against the weight of evidence. The plaintiff and defendant owned adjoining farms. Upon the defendant's farm was a water course, which was by him diverted so that the water flowed onto and over the land of the plaintiff, damaging about one acre of buckwheat, and, as is claimed by the plaintiff, damaging and rendering worthless about one acre of land. The damage to the buckwheat was shown to be $10. The value of one acre of land was shown to be $30. In the justice's court judgment was awarded for $40 besides costs.

Upon the trial of the action the defendant offered no evidence. The plaintiff swore that his buckwheat was worth $10 an acre, and "after water ran over it it was not worth anything. Said water cut through in different directions, washed soil, and cut the field three or four feet deep in places. Have bought and sold land, and know the market value of land for the last twenty years. The market value of said land before the water was turned on was $30 per acre. Since the water cut it it is almost worthless." The witness Snell, sworn in behalf of the plaintiff, testified: "The channel was filled up and run the water on plaintiff's land. A ditch runs zigzag across plaintiff's land. Said ditch was cut from eighteen to twenty inches in depth. About one acre was cut up and worthless. Before the water was turned in, said field was smooth. * * * Know the market value of this field that has been cut up by water. Worth $30 per acre prior to July, 1902. Consider it worthless now." The witness Cowan, sworn in behalf of the plaintiff, testified: "Saw plaintiff's field in March, 1903. It was cut up with water very bad. Saw ditch on plaintiff's land. It was from one to three feet deep. Soil was washed some. The length of the ditch washed in plaintiff's land was twenty-five rods long." La Mott Ennis, sworn in behalf of the plaintiff, testified: "Said field was cut up bad with water. * * * Was worth $30 per acre."

In Murtagh v. Dempsey, 85 App. Div. 204, 83 N. Y. Supp. 296, this court has declared the rule to be that a county court should not reverse the judgment of a justice of the peace as against the weight of evidence unless the justice's judgment is so plainly against the weight and preponderance of proof that it can be seen that the justice could not reasonably have arrived at the decision which he made. It seems quite clear from the evidence quoted that the judgment of the justice was not without evidence, nor was it against the weight of evidence. In addition to the damage to the buckwheat, about one acre of the field was so cut up as to be practically worthless. The justice was, then, clearly authorized to give judgment for the damage to the buckwheat and for the injury to this acre of land. Without evidence on the part of the defendant that the dam-

age done was less than is claimed by the plaintiff, it is difficult to see how the justice could well have rendered any other verdict.

The judgment and order must therefore be reversed, and the judgment of the justice affirmed, with costs of the appeal in this court.

Judgment and order reversed, and judgment of the justice affirmed, with costs of appeal in this court. All concur.