(107 App. Div. 571.)

CLINTON v. FREAR et al.

(Supreme Court, Appellate Division, Second Department.   October 6, 1905.)

1. JUSTICE OF THE PEACE—APPEAL—REVERSAL.
    Where a suit has been tried by a jury in justice's court several times
    without an agreement,·a verdict free from suspicion of bias or prejudice
    should not be lightly disturbed by the county court because contrary to
    the evidence.
        [Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Justices of the
    Peace, §§ 716–718.]

2. APPEAL—REVIEW—REVERSAL ON FACTS.
    In order to justify an appellate court in reversing a verdict on the
    ground that it is against the weight of the evidence, it must appear that
    the fair preponderance of the proof is on the side of the defeated party.

3. JUSTICE OF THE PEACE—APPEAL—REVERSAL ON FACTS.
    The power conferred on the county court by Code Civ. Proc. § 3063, as
    amended by Laws 1900, p. 1277, c. 553, allowing the county court to re-
    verse a judgment of the justice of the peace because against the weight
    of the evidence, should be exercised only when the judgment is so plainly
    against the preponderance of the proof that the justice or the jury could
    not reasonably have arrived at the decision made.
        [Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Justices of the
    Peace, §§ 716–718.]

4. SAME.
    Evidence in an action of replevin tried in justice's court before a jury
    examined, and *held* not to so strongly preponderate either way as to
    justify the county court in reversing the judgment.

Appeal from Dutchess County Court.

Action by Margaret Clinton against William C. Russell and Leonard
C. Frear.   From a judgment of the county court, reversing a judgment
in justice's court in favor of the plaintiff after a trial by jury, she ap-
peals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and
MILLER, JJ.

W. Farrington, for appellant.

Elijah T. Russell, for respondent.

HIRSCHBERG, P. J.   The action is in replevin to recover posses-
sion of "one inserted tooth circular buzz saw, Disston make."   The
verdict of the jury was in the plaintiff's favor, but the judgment entered
on it has been reversed by the county court on the sole ground that the
verdict is against the weight of evidence.   While we are naturally
reluctant in interfering with the exercise of discretion in the granting of
a new trial, we realize that such discretion, to be effective, must be exer-
cised lawfully; and we think that in this case, to be justified, it should
appear to be based upon the clearest and most solid foundation.   The
learned county judge states in his opinion that:

"This action, or an action upon the same facts, has been tried in the justice's
court with a jury five times, and only upon the last trial was an agreement
secured."

95 N.Y.S.—21

The statement in the record shows that, when the case was "finally" tried, the value of the saw was found by the jury to be the sum of $30. Where a controversy involving a small amount has been tried by jury many times without an agreement, it seems plain that the evidence must be close, as well as conflicting, and a final determination which is free from any claim or suspicion of bias or prejudice should not be lightly disturbed.

It is not sufficient, for the purpose of a reversal on the ground that the result is against the weight of evidence, that an appellate court has reached a different conclusion upon the facts from that arrived at by the jury, where the evidence is amply sufficient to support the verdict. In order to justify a reversal of the verdict, it should appear that the verdict is against the weight of evidence in the sense that the fair preponderance of proof is really on the side of the defeated litigant. It was early held by the Court of Appeals in Burnham v. Butler, 31 N. Y. 480, that the judgment of a justice of the peace should not be reversed by the county court, unless it clearly appear that the judgment of the justice could not have been justified by the evidence, and that, so long as there has been legal evidence on both sides of the question adjudicated upon, the county court should not reverse the judgment, even if it arrive at a conclusion as to the facts different from that adjudged by the justice. The court stated the rule as follows (page 481):

"That where, on a trial in a justice's court, there is evidence on both sides, and even where there is only slight evidence in support of the cause of action, on which there is a recovery, the county court is not authorized to reverse the judgment, although such court may arrive at a conclusion upon the facts of the case or the weight of evidence different from that drawn by the justice."

The jurisdiction of the county court to review the decision upon the facts and to determine the weight of the evidence was conferred by the amendment of section 3063 of the Code of Civil Procedure effected by chapter 553 (page 1277) of the Laws of 1900. Prior to that amendment the power to reverse the judgment as against the weight of evidence, where the evidence was conflicting, did not exist at all. Halsey v. Hart, 85 Hun, 46, 32 N. Y. Supp. 665; Ludlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370; City of Brooklyn v. B. C. & N. R. R. Co., 11 App. Div. 168, 42 N. Y. Supp. 371; Norton v. Arvernam Co., 14 App. Div. 581, 584, 43 N. Y. Supp. 1099; Clark v. Daniels, 29 App. Div. 600, 51 N. Y. Supp. 177. While the amendment referred to undoubtedly did confer the power, it was held by the Appellate Division in the Third Department, in Murtagh v. Dempsey, 85 App. Div. 204, 83 N. Y. Supp. 296, that the authority so conferred should be exercised only when the justice's judgment is so plainly against the weight and preponderance of proof that it can be seen that the justice could not reasonably have arrived at the decision which he made. And this court, in the very recent decision of Vonder Born v. Schultz, 104 App. Div. 94, 93 N. Y. Supp. 547, held that where the evidence given in an action tried before a jury is so evenly balanced that reasonable men might differ as to the inference to be drawn therefrom, and such evidence is fairly submitted to the jury, the trial court should not, in the exercise of its discretion,

set aside the verdict as against the weight of evidence. The rule, of course, is to be applied only with a due regard to the demands of justice· in each case, and on giving full allowance to the interest and partisanship of witnesses and the qualifying effects of the ever varying conditions of time, place, and circumstance.

In this case the evidence was at least as strong and convincing in behalf of the plaintiff as of the contesting defendant. The suit was brought against William Russell, but the respondent, Leonard C. Frear, intervened as a defendant, and the issue was as to his alleged ownership of the saw. The plaintiff purchased a farm and implements, including a circular saw, from Sherman N. Haight, on which farm there was a saw-mill, occupied and used at the time of the purchase and for many previous years by Frear, and the saw was apparently taken by him and used at other places until this action was brought. The plaintiff proved by Haight that he had purchased the saw in October, 1891, from Swift Bros., of Millbrook, Dutchess county, for $50, and a number of witnesses testified to seeing it in Frear's possession at different times prior to 1893. Frear purchased a saw for $35 from Swift Bros. in March, 1893; but there was some evidence tending to show that it was a solid tooth saw, and that it was the one which is concededly still in his possession and use. It was undisputed that a solid tooth saw was worth only one-half of the value of an inserted tooth saw, and that Swift Bros. had only one inserted tooth saw of the make and size of the one in question, and that they sold a saw to Haight in 1891 and another to Frear in 1893. Haight testified that Frear told him in 1893 that he had bought his solid tooth saw from Swift Bros. for $35, and this statement Frear did not specifically deny. Haight further testified that he loaned the saw in question to Frear, but this Frear denied. There does not appear to have been any other saw upon the farm at the time of the plaintiff's purchase, and the $50 saw which Haight bought is accordingly unaccounted for, unless it is the saw which is the subject of the action. Two witnesses testified that Frear showed them the saw in 1891 or 1892, explained how the teeth could be taken out, and stated that it had cost $50. This evidence was not contradicted or the conversation denied by Frear. The strongest evidence in Frear's behalf was a bill purporting to come from Swift Bros., in which the saw sold to Frear in 1893 is described as a "48-inch Disston saw;" but no mention is made of inserted teeth, and the description does not accord with the books of the firm, in which the sale is simply recorded as that of "1 saw."

It may be said that a verdict either way would be sufficiently supported by the evidence. We think the preponderance is with the plaintiff; but certainly there is not such a strong preponderance either way as to warrant a reversal as against the weight of evidence under the rule announced and followed in the authorities herein cited.

The judgment of the county court should be reversed, with costs, and the judgment of the justice's court affirmed. All concur.