## McRAVY v. BARTO.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. JUSTICES OF THE PEACE—JUDGMENTS—APPEAL—REVERSAL—STATUTES.
    The authority conferred on County Courts by Code Civ. Proc. § 3063, to reverse a judgment of a justice of the peace because it is against the weight of the evidence, should be exercised only where the judgment is so plainly against the weight and preponderance of the proof that it can be seen that the justice could not reasonably have arrived at the decision which he made.
    [Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Justices of the Peace, § 716.]

2. SAME—JURISDICTION OF COUNTY COURT.
    The County Court, on appeal from a justice of the peace, under Code Civ. Proc. § 3063, is a court of review, without original jurisdiction to determine the facts.

3. SALES—ACTIONS FOR PRICE—EVIDENCE.
    Where, in an action before a justice for the price of certain coal, it had been conclusively proved that a receipt had been given for every ton of coal delivered to defendant at any time, with the exception of one ton delivered subsequent to April 20, 1903, it was not error for the justice to exclude such receipts, offered merely to prove that the coal in question was not within purchases made prior to that date.

4. EVIDENCE—TESTIMONY AT FORMER TRIAL—JUSTICE'S MINUTES.
    On trial before a justice, evidence given by a witness on a former trial of the action before the justice cannot be proved by the justice's minutes.
    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2421.]

Appeal from Tompkins County Court.

Action by John McRavy against Andrew Barto. From a judgment of the County Court reversing a justice's judgment in favor of plaintiff, he appeals. Reversed. Judgment of justice affirmed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

James L. Baker, for appellant.
Edward H. Frear, for respondent.

COCHRANE, J. In April and May, 1903, plaintiff sold and delivered to the defendant seven tons of egg coal. The purchase and receipt thereof were admitted by the defendant, but he contended that one ton thereof had been paid for in advance. He subsequently paid for six tons, and the .question of payment as to the remaining ton was the only issue before the justice of the peace, although that issue was very much obscured at the trial. The justice rendered a judgment in favor of the plaintiff for the price of the one ton of coal, which judgment was reversed by the County Court. The defendant's contention was that about the 1st of April he gave to the plaintiff an order for six tons of coal; that it was not to be delivered until the latter part of May; that about April 20th, desiring some coal for immediate use, he ordered an extra ton, for which he paid in advance; the plaintiff promising to leave the receipt therefor at the house of the defendant, which promise the plaintiff failed to keep. The plaintiff on his part admitted that a ton of coal had been in fact paid for in advance by the defendant, but claimed that such transaction was prior to the month of April, and that he had subsequently left at the defendant's house a receipt therefor, as promised. There had been various sales of coal by the plaintiff to the defendant at different times and in different quantities, covering a year prior to April, 1903. It was established that all prior transactions had been adjusted.

The case as developed before the justice presented a clear question of fact as to whether one of the seven tons delivered subsequently to April 20, 1903, had been paid for in advance, as claimed by defendant, or whether such advance payment related to a prior transaction, as claimed by plaintiff, and for which he had subsequently given a receipt. On this question of payment defendant had the burden of proof. All of the evidence on the part of the defendant was given by witnesses interested in the result of the action, and it was a circumstance against the defendant that he was able to produce a receipt for every purchase except the one in question. The evidence in behalf of the defendant was based largely on a memorandum of the price of two tons of chestnut coal and one ton of egg coal written on the back of a receipt for the two tons of chestnut coal delivered April 3, 1903, and paid for later, when defendant says he ordered the ton of egg coal in question; but the price of the ton of egg coal as expressed in said memorandum was not the price which defendant actually paid for such coal in April, but a different price, which he had previously paid therefor, and defendant could not finally remember how much he claimed to have paid for the ton in question. There were some inconsistencies on both sides of the case, but on the entire case there was no such preponderance of evi-

dence in favor of the defendant as to justify a reversal of the judgment for that reason. The authority conferred on County Courts by section 3063 of the Code of Civil Procedure to reverse a judgment of the Justice's Court because it is against the weight of evidence is to be exercised only when the judgment is so plainly against the weight and preponderance of proof that it can be seen that a justice could not reasonably have arrived at the decision which he made. Murtagh v. Dempsey, 85 App. Div. 204, 82 N. Y. Supp. 296; Brewer v. Califf, 103 App. Div. 138, 92 N. Y. Supp. 627. The County Court in such a case is a court of review, and not a court of original jurisdiction to decide the facts. The facts here were peculiarly for the determination of the trial court, and such determination should not be disturbed on appeal. The decision of the County Court must therefore be reversed, unless there was some error in the rulings of the justice which justified a reversal by the County Court.

The defendant offered in evidence receipts for all the purchases of coal made by him of the plaintiff for a year or thereabouts prior to April 20, 1903, which were excluded by the justice. The learned county judge was of the opinion that such receipts should have been admitted, because they would have shown that they covered all purchases prior to April 20th, and that consequently the payment for the single ton, for which no receipt had been given, as claimed by defendant, must have been made subsequent to April 20th, and would relate to one of the seven tons delivered after the latter date. Assuming this to be so, a witness for the plaintiff, who signed those receipts for him, testified that there was a receipt for every ton of coal delivered to the defendant at any time, with the exception of one ton delivered subsequently to April 20, 1903. The fact was conclusively proved, and the admission in evidence of the receipts could have made it no stronger. The fact itself was not particularly important, in view of the testimony of the plaintiff that he did not admit that no receipt had been given for the advance payment, but only that it had not been given at the time of payment, and that it related to a prior transaction.

It is also complained that the justice erred in excluding the justice's minutes of the testimony of plaintiff and another witness taken on a former trial of this action. These minutes were properly excluded. It was not proved that the justice kept correct minutes, nor was it proper to prove in that way what the witnesses had testified to on a former trial. Moreover, practically all of this excluded testimony was received in another and proper manner. I have examined the other rulings made at the trial, but find no error prejudicial to the defendant.

The judgment and order of the County Court must be reversed, and the judgment of the justice affirmed, with costs to the appellant in this court and in the County Court. All concur.