MORRIS BENTLEY, Appellant, v. AMANDA ARD, Respondent.

(County Court, Erie County, November, 1910.)

Evidence — Admissions — Statements by predecessors in interest or title — Buyer or seller.

> Declarations of a vendor of chattels as to the title thereto, made before sale and while he was still claiming to be owner and was in possession of them, are not admissible as against his vendee unless there be a community of interest or some privity.

APPEAL from a judgment of a justice of the peace rendered in favor of defendant.

John Knight, for appellant.

Wallace Thayer, for respondent.

TAYLOR, J. This is an appeal from a judgment of a justice of the peace in favor of the defendant, entered upon the verdict of a jury; awarding her possession of certain cows in an action of replevin. The appellant on this appeal raises three points as grounds for reversal, as follows:

1. That there is no evidence to sustain the verdict.

2. That erroneous rulings were made in the admission of testimony.

3. That the verdict is not in accord with the Code of Civil Procedure, under the circumstances, as to its form, in that it does not find the value of the personal property in question.

I find against the appellant as to the first assignment of error. As to number three, inasmuch as the chattels were put into the plaintiff's possession upon his giving the undertaking required by the Code he cannot complain that he has suffered any injury on account of the value of the chattels not having been found.

Assignment of error number two is of more importance. The appellant claims that the admission as testimony of

declarations of George Ard as to the ownership of the chattels in question while he was in possession thereof, claiming ownership, was erroneous, and that such testimony was distinctly damaging to appellant. With this contention I agree. Several witnesses were allowed to testify as to remarks made by George Ard before he executed the bill of sale to appellant tending to indicate that this defendant was the owner of the cows; and, inasmuch as there was believable testimony both ways as to ownership, I cannot help finding that these declarations were not only hearsay, but may have had great influence in bringing the jury to arrive at the verdict which they did. Counsel for respondent has cited authorities which he claims support his contention that these declarations were admissible in evidence as declarations against interest. I believe it to be the settled rule now in this State that declarations of a vendor of chattels as to the title thereto, made before sale, and while he was still claiming to be owner and was in possession of the chattels, are not admissible as against his vendee unless there be a community of interest or some privity. The rule as to such declarations relating to chattels, choses in action and also as to real property is well laid down in Markle v. Beidleman, 165 N. Y. 21, and requires a reversal of this judgment for the reasons just stated.

Section 3063 of the Code of Civil Procedure allows me to grant a new trial in such a case provided the verdict is contrary to or against the weight of evidence, which is held to mean so clearly contrary to it as to be substantially unsupported by the testimony and not merely different from what the Appellate Court might have found if the case had been originally tried before it. Murtaugh v. Dempsey, 85 App. Div. 204. Granting a new trial not being allowed on any other ground, the only disposition I can make of this appeal, under sections 3063 and 3066 of the Code of Civil Procedure, is to reverse the judgment of the court below, with costs.

Judgment reversed.