KING v. SYRACUSE, L. S. & N. R. CO.

(Oswego County Court. October 23, 1911.)

1. CARRIERS (§ 20*)—CARRIAGE OF PASSENGERS—FARES—REGULATION.
 A street surface railway running a line through the country between two different towns, and incorporated under Railroad Law (Consol. Laws 1910, c. 49) § 5, is subject to section 59 of that act, which imposes a penalty upon any railroad corporation asking or receiving more than the lawful fare.

 [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 20.*]

2. CARRIERS (§ 20*)—CARRIAGE OF PASSENGERS—FARES—ACTIONS FOR PENALTY.
 Under Railroad Law (Consol. Laws 1910, c. 49) § 59, imposing a penalty upon any railroad corporation asking or receiving more than the lawful fare, a judgment for the penalty cannot be sustained if the overcharge was made through inadvertence or mistake, not amounting to gross negligence.

 [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 20.*]

3. CARRIERS (§ 20*)—CARRIAGE OF PASSENGERS—FARES—QUESTIONS OF FACT.
 In an action against a street surface railway for charging a passenger more than the lawful fare, held, that whether the railroad was guilty of gross negligence in allowing a conductor to take charge of its cars and collect fares, without adopting some effectual method of notifying him of a change in the rate of fare, is a question of fact.

 [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 20.*]

4. APPEAL AND ERROR (§ 1010*)—REVIEW—FINDINGS.
 A finding by the trial court supported by evidence will not be disturbed on appeal.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982; Dec. Dig. § 1010.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of Fulton.

Action by Arvilla King against the Syracuse, Lake Shore & Northern Railroad Company. From a judgment in the City Court for plaintiff, defendant appeals. Affirmed.

Ernest I. Edgcomb, for appellant.
S. J. Kelly, for respondent.

ROWE, J. Appeal from a judgment of the City Court of the City of Fulton for $50.05 and costs for a penalty and excessive fare under section 59 of the railroad law.

[1] Defendant is a street surface railroad, and the first question raised herein is whether section 59 of the railroad law is applicable. Although defendant under the law is a street surface railroad, it maintains a line running through the country from Syracuse to Fulton, and for the safety and convenience of the public it would seem that all the general provisions of article 3 of the railroad law should apply to such a railroad. All the provisions of law relating to railroads of different kinds have been consolidated and re-enacted as the railroad law. The defendant is incorporated as a railroad corporation under section 5 of article 2, and section 59 above referred to imposes a penalty upon "any railroad corporation" asking or receiving more than the lawful rate of fare. Section 59 must be held to apply to street surface railroads.

[2] It is conceded in this case that more than the lawful rate of fare was charged. The appellant asserts, however, that the overcharge was made through inadvertence or mistake, not amounting to gross negligence. If such was the case, the judgment in the plaintiff's favor cannot be sustained.

[3] The facts show that in the spring of 1910 an application was made to the Public Service Commission for an order compelling the defendant to reduce its fare from 10 cents to 5 cents between Fulton and Stop 26, and on October 26, 1910, a decision was made by the commission ordering the reduction asked for and directing the defendant to cease charging more than 5 cents between those points on and after November 15, 1910. This order was served on the defendant November 3d, and on that day the defendant wrote the commission it would abide by the order so made.

From the evidence it seems that nothing further was done by the defendant until November 14th, when a supplement changing the fare from 10 cents to 5 cents was filed with the Public Service Commission and also placed in their fare tariff schedules in their stations as required by law, and that on that day a small typewritten notice of the change of fare was left on a shelf in the conductors' room of the defendant, but the notice was not read to the conductors, nor were they told of the change of fare or any other notice given to them.

So that the change of fare was not brought to the notice of the conductors in any way except by the leaving of a small typewritten notice on a shelf containing other papers and notices of the defendant and

another railroad known as the "Bay Road." The conductor did not find the notice in question until he made a special search for it when his attention was called to the change of fare by protests from other passengers, and then he found the notice on a shelf covered up with other papers.

[4] Whether allowing a conductor to take charge of its cars and collect its fares without adopting some effectual method of notifying him of a change in the tariff, so that under the circumstances disclosed by the evidence the defendant was guilty of gross negligence in so collecting the excessive fare in this case, was a question of fact which was passed upon by the City Court adversely to the defendant. There was sufficient evidence to sustain such a finding, and it cannot be disturbed by this court upon appeal. Vandeymark v. Corbett, 131 App. Div. 391, 115 N. Y. Supp. 911; Murtagh v. Dempsey, 85 App. Div. 204, 83 N. Y. Supp. 296; Brewer v. Califf, 103 App. Div. 138, 92 N. Y. Supp. 627; Clinton v. Frear, 107 App. Div. 571, 95 N. Y. Supp. 321; McRavy v. Barto, 114 App. Div. 262, 99 N. Y. Supp. 712.

The judgment should be affirmed, with costs.