### WEARS v. JOHNSON et al.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

1. Sales (§ 441*)—Horses—Breach of Warranty—Evidence—Sufficiency.
  In an action for breach of warranty in the sale of a horse, evidence *held* to show that the horse was blind when sold.
  [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

2. JUSTICES OF THE PEACE (§ 185*)—REVIEW—EVIDENCE.

The authority of a County Court to reverse a judgment of a justice court, even as against the weight of the evidence, is exercisable only when the judgment is so plainly against the weight of the proof that it can be seen that the justice could not reasonably have arrived at the decision which he made.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 716–720; Dec. Dig. § 185.*]

3. JUSTICES OF THE PEACE (§ 185*)—REVIEW—SCOPE.

On appeal from justice court to the County Court, the latter is a court of review and not a court of original jurisdiction to decide the facts.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 716–720; Dec. Dig. § 185.*]

4. SALES (§ 441*)—HORSES—BREACH OF WARRANTY—PATENCY OF DEFECT—EVIDENCE—SUFFICIENCY.

In an action for breach of warranty in the sale of a horse, evidence *held* insufficient to show that the horse's blindness was patent.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

5. JUSTICES OF THE PEACE (§ 185*)—FIXING DAMAGES.

In an action for breach of warranty of a chattel sold, a finding by a justice of the peace that the difference in the value of the horse as it was and as it would have been if sound was $130 will not be disturbed, though no witness fixed that particular amount, where the testimony as to the difference in value ranged from $50 to $175.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 716–720; Dec. Dig. § 185.*]

Appeal from Franklin County Court.

Action by George W. Wears against Stanley Johnson and another. From an order and from a judgment thereon reversing a judgment for plaintiff, he appeals. Reversed, and original judgment affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Edward P. Martin, of Madrid (Theodore H. Swift, of Potsdam, of counsel), for appellant.

George J. Moore, of Malone, for respondents.

LYON, J. [1-3] This action was brought to recover damages on account of an alleged breach of warranty in the sale of a horse, the plaintiff claiming that during the negotiations for the sale one of the defendants stated to him that the horse "was a good, straight horse and all right," relying upon the truthfulness of which the plaintiff purchased the horse, paying the defendants therefor $225. The plaintiff testified that, within an hour of the delivery of the horse and the payment of the purchase price, he discovered that the horse was blind, of which fact he notified one of the defendants the second day thereafter, demanding that the defendants repay the money and take the horse, which defendants refused to do, whereupon the plaintiff brought this action in justice court and was awarded judgment for $130 damages with costs. From that judgment an appeal was taken to the County Court, which reversed the judgment with costs and ordered a retrial

before another justice. From the order and judgment of reversal, appeal has been taken to this court.

It is probably needless to say that, as is frequent in suits of this character, the testimony was conflicting. The learned county judge in his opinion of reversal states that the evidence abundantly sustains the conclusion that the warranty was made as claimed, but does not establish that the horse was blind by a preponderance of evidence or even to a reasonable certainty, but, on the other hand, does establish to a reasonable certainty that the horse had a disease which the ordinary man could not discover and which afterwards as a natural consequence resulted in blindness. The opinion further states that the warranty, being general, did not cover visible and patent defects readily discoverable by inspection, and that the evidence does not satisfactorily establish the blindness of the horse at the time of the sale, and that, if such blindness then existed, it was a patent and visible defect, and hence one for which an action upon such warranty will not lie. Without considering whether the existence of a disease in the horse at the time of the sale as above stated constituted a breach of the warranty, we are of the opinion that the evidence fairly established the fact that the horse was blind at the time of the sale and delivery, as found by the trial justice. If the evidence did so, then the County Court should not have reversed the judgment, as the authority conferred on County Courts to reverse a judgment of the justice court even as against the weight of evidence is to be exercised only when the judgment is so plainly against the weight and preponderance of proof that it can be seen that the justice could not reasonably have arrived at the decision which he made. Murtagh v. Dempsey, 85 App. Div. 204, 83 N. Y. Supp. 296; Brewer v. Califf, 103 App. Div. 138, 92 N. Y. Supp. 627. The County Court in such a case is a court of review and not a court of original jurisdiction to decide the facts. McRavy v. Barto, 114 App. Div. 262, 99 N. Y. Supp. 712.

It appeared from the testimony that the horse had been treated for an eye difficulty about 10 months before the time of the sale, but it was claimed by defendants that he had entirely recovered. The plaintiff testifies that he discovered that the horse was blind within an hour after the delivery to him. An examination made by a veterinarian nine days thereafter disclosed a small cataract in one eye and a well-developed cataract in the other, which, in the opinion of the veterinarian, had been at least three or four months in forming, and which had not come into existence within the nine days succeeding the delivery of the horse, as defendants contended might be the fact. While contradictory testimony was produced on the part of the defendants, the evidence as a whole is convincing that the horse was afflicted with cataracts at the time of the sale.

[4] As to the defense that the blindness was patent and visible, and hence that in any event no recovery should have been had by plaintiff, the veterinarian called to testify upon the subject stated:

"This eye trouble is quite hard to detect. To examine for cataract you have to have the eye shaded and have the light strike the eye in a certain way. There are certain lights that you use to detect the presence of cataract. There is no cure for this trouble. * * * Could not tell this one by stand-

ing and looking at him. * * * They would have to look close to see it. The cataract is back of pupil of eye in lens. Could tell it by looking close. * * * The lights I used to examine this eye enabled me to look into the eyeball."

Further proof that the blindness was not patent and visible is found in the fact that neither the plaintiff nor any of the witnesses who examined the horse at the time of the sale discovered it, and that certain of defendants' employés who had taken care of the horse testified that they had never noticed anything wrong, and other employés testified that they did not know whether the horse was blind or not.

[5] As to the contention of defendants that the damages fixed by the justice were not warranted by the evidence, it appears that no witness placed the difference in value of the horse, if sound or if blind, at precisely $130, yet the differences in value, as stated, ranged from $50, as testified to by one of the defendants, to $175, as testified to by one of the other witnesses, and it was for the justice, in view of all the evidence, to fix the damages sustained by plaintiff, which he seems to have properly done.

The judgment and order of the County Court reversing the judgment of the justice court should be reversed, and the judgment of the justice court affirmed, with costs in this court and in the County Court. All concur.