THE KING PAINT COMPANY, Appellant, v. HENRY T.
LANG, Respondent.

(County Court, Nassau Special Term, October, 1913.)

Justices' Courts — actions in — judgments — appeal — Code Civ. Pro.
§ 3063.

> Where, in an action brought in Justice's Court to recover
> thirty-nine dollars and sixty cents for goods sold and deliv-
> ered, defendant who pleads a counterclaim for fifteen dollars
> admits that he is indebted to plaintiff in the sum of twenty-four
> dollars and sixty cents, a judgment in defendant's favor on his
> counterclaim must be reversed as contrary to the evidence and
> a new trial ordered before the same justice under section 3063
> of the Code of Civil Procedure as amended in 1900.

APPEAL from a judgment in favor of the defendant
rendered upon the verdict of a jury in the Justice's
Court of the town of Hempstead.

Lincoln B. Haskin, for appellant.

Stephen J. Marsh, for respondent.

NIEMANN, J.   The plaintiff sued to recover thirty-
nine dollars and sixty cents for paint sold and deliv-
ered.   The defendant admitted that he purchased
goods amounting to said sum, but set up a counter-
claim of fifteen dollars for the expense of putting on
a third coat of paint which he claimed was made neces-
sary by a defect in the quality of some of the paint
sold and delivered to him by the plaintiff.   Notwith-
standing the defendant's admission of a clear indebt-
edness to the plaintiff in the sum of twenty-four dollars
and sixty cents the jury rendered a verdict of fifteen
dollars for the defendant.   The jury could not in any

event, in view of the admission of the defendant that there was due to the plaintiff said sum of twenty-four dollars and sixty cents, render a verdict for any less amount even if the counterclaim were allowed in full. It is conceded by both sides that this judgment must be set aside, but questions have been raised by counsel for the parties as to the manner in which the matter should be disposed of upon this appeal.

The learned counsel for the respondent urges that under the provisions of section 3063 of the Code, which direct that: " The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits " and that it may " modify " the judgment of the justice, this court has power to render the judgment that should have been rendered in the court below, which he claims should be a judgment of twenty-four dollars and sixty cents in favor of the plaintiff — that is, allowing the plaintiff's claim less the defendant's counterclaim. But such a course cannot be pursued. The plaintiff insisted that he was entitled to recover the full amount claimed by him and disputed the right of the defendant to recover on the counterclaim, so that there were and are questions of fact to be determined. This court being a court of review must determine the case upon the record below. It can make no findings of fact where the damages are unliquidated, the jury being the only tribunal by whom the amount of damages could be fixed. Wears v. Johnson, 151 App. Div. 770, 772; Sourwine v. Truscott, 25 Hun, 67. Even if the damages were liquidated this court would have no power to render the judgment that should have been rendered in the court below; the power of the County Court to modify the judgment of a Justice's Court upon appeal is limited to reducing in extent or degree the judgment rendered in the

court below, and this power does not authorize it to substitute a judgment on appeal for the one rendered in the court below — that is one judgment for another wholly different. Pearce v. Knapp, 71 Misc. Rep. 324. A reversal is imperative, but the learned counsel for the appellant insists that the reversal must be absolute and that the court is without power to order a new trial. This would be so if the reversal were upon questions of law only. Trubenback v. Nelson, 73 Misc. Rep. 466, 471, and cases there cited.

Before the amendment to section 3063 the County Court upon an appeal from a judgment of a justice of the peace was limited, even in a case where the judgment was contrary to or against the weight of the evidence, to an affirmance or reversal of the judgment and could not order a new trial. But by the amendment of said section, which became effective September 1, 1900 (Laws of 1900, chap. 553), the following words, placed in italics, were inserted: " *  *  * *and where the judgment is contrary to or against the weight of the evidence, the appellate* " court may, upon its reversal of a judgment, order a new trial, etc.

The verdict rendered by the jury in this case is " contrary to " the evidence and must be reversed. The reversal is not for an error of law, but is based solely upon the erroneous finding of fact made by the jury. The case is brought within the remedial provision of the above amendment which gives the court power to order a new trial. Hartmann v. Hoffman, 76 App. Div. 449; Markel v. Gummer, 84 id 634; Murtagh v. Dempsey, 85 id. 204; Liedtke v. Meyer, 143 id. 74; Brown v. Sullivan, 155 id. 875; Bentley v. Ard, 69 Misc. Rep. 562. Such a disposition would be in harmony with the principles of justice as it would afford the parties an opportunity to present their evidence to another jury and to obtain a finding in accordance

with the facts proved. The judgment appealed from must be reversed, with costs to the appellant, and a new trial ordered before the same justice to be held on the 11th day of November, 1913, at the court room in the Town Hall in the village of Hempstead, Nassau county, N. Y.

Judgment reversed, with costs, and new trial ordered.