### BAME v. GROAT.

(Supreme Court, Appellate Division, Third Department.   March 8, 1916.)

1. SALES ⊕⇒359(3)—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE—PAYMENT.
   In an action to recover on a store account, evidence *held* insufficient to establish the defense of payment.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059; Dec. Dig. ⊕⇒359(3).]

2. JUSTICES OF THE PEACE ⊕⇒185(3)—APPEAL—POWERS OF COUNTY COURT.
   The County Court should reverse a judgment of a Justice's Court on the facts only when the judgment is so clearly against the weight of the evidence that it can be seen that the justice could not reasonably have arrived at the decision made.   The County Court is a court of review in such cases, and not a court of original jurisdiction to determine the facts.

   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 716–720; Dec. Dig. ⊕⇒185(3).]

3. SALES ⊕⇒357(2)—ACTIONS FOR PRICE—DEFENSE OF PAYMENT—BURDEN OF PROOF.
   In an action for the balance due on a store account, defendant had the burden of establishing his affirmative defense of payment.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1044–1048; Dec. Dig. ⊕⇒357(2).]

Appeal from Rensselaer County Court.

Action by Frank Bame against John A. Groat.   From an order reversing a judgment in favor of the plaintiff, rendered by a justice of the peace, the plaintiff appeals.   Order reversed, and judgment of the justice affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Ralph M. Cooper, of East Nassau, for appellant.

George H. Witbeck, of Albany, for respondent.

COCHRANE, J.   The plaintiff recovered in Justice's Court a judgment of $14.74 on a store bill incurred by the defendant between May 29, 1913, and November 13, 1913.   The County Court has reversed this judgment as against the weight of evidence.   The defendant, in his answer and at the trial, admitted the sale and delivery of all the merchandise in question, except one item of $1.40, which the plaintiff proved.   The defense was payment, and depends on what occurred on November 13, 1913.

The defendant testified that he left his home November 13, 1913, intending to pay the bill, but that he took no check with him for that purpose, although he had a bank account and sometimes paid his bills by check; that he had a canvas bag with money in it; that he went to a blacksmith shop, and on the way back stopped at the plaintiff's store; that the plaintiff was absent, and the store was in charge of his clerk, Brown; that defendant did not enter the store, but stood in the door holding the reins of his horses; that he asked for the bill, and that he paid Brown "something over $25"; that Brown counted

out the money from the bag on the desk. If, as the defendant claims, he paid over $25, he paid about twice as much as he owed the plaintiff according to the theory of both parties. No satisfactory explanation is given of this large overpayment, nor why the alleged payment exceeded $25, nor how they arrived at the amount. As a matter of fact the books of account were locked up in the safe, and plaintiff had the key and was absent. No bill was made out, and could not be, and defendant does not claim that the books were produced or examined, or that any bill was then presented. Not a word of the conversation between Brown and the defendant concerning this alleged payment is given. It does not appear that the defendant ever claimed he had made a mistake, or demanded back the excess of payment. He interposed a verified answer in Justice's Court, and even then did not claim an overpayment, but on the trial asked permission and was allowed to amend his answer by alleging a counterclaim for the overpayment.

Brown, on the other hand, testified that no money was paid; that the defendant came to the store and got some middlings, amounting to $1.40, which both Brown and the plaintiff testified the defendant had ordered a few days before with some other articles he then procured, but had forgotten to take with him, and which constitutes the only disputed item in plaintiff's bill. Defendant does not deny that he had ordered the middlings a few days before and had forgotten to take them, but denies taking them on the 13th. If, as the uncontradicted testimony shows, he had ordered the middlings a few days before, it is most natural that he should have taken them on the 13th, when he was there. Both plaintiff and Brown testified that the latter according to custom made a memorandum of this item of middlings, which plaintiff afterwards entered on his books under date of November 13th; but there was no memorandum in regard to the payment, nor was it received by the plaintiff. If it was made, Brown has never accounted for it to the plaintiff.

[1, 2] On this testimony the justice of the peace found that the payment had not been made, and it seems to me that was the only proper disposition to make of that question. The rule has frequently been announced in this and other departments that the County Court should reverse a judgment of a Justice's Court on the facts only when the judgment is so clearly against the weight of evidence that it can be seen that the justice could not reasonably have arrived at the decision made. The County Court is a court of review in such cases, and not a court of original jurisdiction to determine the facts. Murtagh v. Dempsey, 85 App. Div. 204, 83 N. Y. Supp. 296; McDonald v. Dunbar, 114 App. Div. 306, 99 N. Y. Supp. 768; McRavy v. Barto, 114 App. Div. 262, 99 N. Y. Supp. 712; Brewer v. Califf, 103 App. Div. 138, 92 N. Y. Supp. 627; Vandeymark v. Corbett, 131 App. Div. 391, 115 N. Y. Supp. 911; Clinton v. Frear, 107 App. Div. 571, 95 N. Y. Supp. 321; International Tailoring Company v. Bennett, 113 App. Div. 476, 99 N. Y. Supp. 438.

[3] The learned county judge was of the opinion that the record was unsatisfactory and incomplete. It must be borne in mind, however, that the burden of proof was on the defendant, and, if the record

is insufficient and unsatisfactory, it merely establishes that the defendant has failed to establish by a preponderance of evidence his affirmative defense. The plaintiff's claim is admitted, except as to the small item mentioned, and he should not be penalized because the defendant's evidence on an affirmative issue is weak and unsatisfactory. That establishes, not the defendant's right to a new trial, but the plaintiff's right to judgment. The learned county judge also seems to have been influenced by the plaintiff's testimony to the effect that he could not swear that Groat had not paid the bill. That was the only truthful testimony he could give, because the transaction of the alleged payment was not with him, but with his clerk, and, of course, he could not testify as to what had occurred with his clerk in his absence.

In April and July following this alleged payment the plaintiff presented bills to the defendant which contained some erroneous items, mainly a double charge for a barrel of flour sold to the defendant's hired man, and which the defendant admitted he had promised to pay out of the wages of the hired man, if the latter continued to work for him. The defendant objected to this item when the bills were presented, and the plaintiff did not insist on the same. These bills and certain discrepancies which may have appeared on the books might be important, if the defendant were litigating the items of the plaintiff's claim. But they are admitted, with the small exception mentioned, and no bill had been presented, nor were the books examined at the time of the alleged payment, and any errors in the bills or in the books can therefore have no bearing on the question here presented. The first bill as presented in April, 1914, was for $27.24, and if it had been presented at the time when the defendant claims to have made the payment of "something over $25" it might explain such overpayment; but it was not presented until April, and the errors upon it were apparent and immediately noticed by defendant, and of course it did not enter into any transaction which occurred in the previous November, and does not in the slightest extent explain why the defendant should then have paid more than $25 on a bill which the plaintiff now claims was only $14.74, and which the defendant contends was something less than that.

It seems to me very clear on the foregoing facts that the defendant failed to establish the defense of payment by a preponderance of evidence, and that the justice of the peace rendered the only appropriate judgment which the evidence warranted. The case resolved itself into a simple question of fact as to what took place between defendant and Brown on November 13th. They were in direct conflict in their testimony, with the defendant laboring under the burden of proof, and the circumstances and probabilities somewhat against him. The justice of the peace decided against him, as he had a right to do on conflicting testimony and inferences, and under the well-settled rule of law declared in the cases above cited the County Court was not at liberty to reverse the judgment as against the weight of evidence.

The order of the County Court should be reversed, and the judgment of the justice affirmed, with costs to the appellant in this court and in the County Court. All concur.